24-cr-96 JRT
TPJ_In Docs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

     - v. -                              :       **SUPERSEDING INDICTMENT**

STEVEN SIMMONS and                          :       S1 17 Cr. 127 (KMW)
JOSEPH MELI,

                                  :

           Defendants.

                                  :

- - - - - - - - - - - - - - - - - - x

## COUNT ONE

**(Conspiracy to Commit Securities Fraud and Wire Fraud)**

     The Grand Jury charges:

### Relevant Individuals and Entities

     1. At all times relevant to this Indictment, Sentinel Growth Fund Management ("Sentinel") was a hedge fund with offices in Connecticut and New York, New York. Sentinel was founded in or about 2013 by Mark Varacchi, a co-conspirator not charged as a defendant herein.

     2. At all times relevant to this Indictment, STEVEN SIMMONS, the defendant, worked with Mark Varacchi to obtain investments in Sentinel through, among other means, soliciting representatives of wealthy private families and individuals. SIMMONS solicited these investments through a corporate entity operated by SIMMONS which advertised itself as specializing in allocating investment capital to various portfolio managers and "delivering consistent above market returns while maintaining a

vigilant focus on capital preservation."

3.     At all times relevant to this Indictment, JOSEPH MELI, the defendant, purported to be in the business of purchasing, and reselling for profit, tickets to various live events including concerts and theatrical productions.   MELI purported to operate this business through various entities, including Advance Entertainment, LLC ("Advance"), which was based in New York, New York.

## The Scheme to Defraud Relating to Sentinel

4.     From at least in or about 2013 through in or about January 2017, STEVEN SIMMONS and JOSEPH MELI, the defendants, participated in a scheme to defraud investors in Sentinel by soliciting investments through false representations to investors and, after obtaining investor funds, providing them to Mark Varracchi to make payments to other Sentinel investors and otherwise misappropriating the funds.

5.     In furtherance of the scheme, STEVEN SIMMONS and JOSEPH MELI, the defendants, falsely told investors that, among other things, the invested funds would be used for legitimate, specified, investment purposes when, in truth and in fact, and as SIMMONS and MELI well knew, the funds would be used to repay prior Sentinel investors whose funds had been embezzled and diverted to the personal use of SIMMONS, Varacchi and others.  As part of the

2

fraudulent scheme, SIMMONS also created and provided investors with false monthly statements.

6. In regard to a particular individual investor ("Victim-1"), in or about August 2014, STEVEN SIMMONS, the defendant, solicited an approximately $5.95 million investment by falsely promising Victim-1, among other things, that Victim-1's investment would be invested by Sentinel in securities, that Victim-1 would receive a return of not less than 15% on Victim-1's investment, and that Victim-1's principal investment would not be placed at risk or commingled with other investor funds. Upon receiving Victim-1's investment funds, SIMMONS immediately diverted approximately $1.95 million of Victim-1's investment and did not provide those funds to Sentinel for investment in securities. SIMMONS transferred the rest of Victim-1's investment funds to Sentinel so that Mark Varacchi, as SIMMONS well knew, could misappropriate and utilize the funds to make payments to other Sentinel investors. As part of the scheme, SIMMONS provided Victim-1 with monthly statements falsely stating, among other things, that Victim-1's principal investment was intact and had earned substantial interest.

7. In regard to another investor, an entity ("Victim-2"), in or about November 2015, demanded the return of its investment funds, which had largely been misappropriated by Mark Varacchi,

3

and threatened to contact the U.S. Securities and Exchange Commission (the "SEC") regarding Sentinel. In order to assist Varacchi in repaying Victim-2, STEVEN SIMMONS and JOSEPH MELI, the defendants, obtained from other investors, through false representations, additional investment funds which SIMMONS and MELI then provided to Varacchi for use in repaying Victim-2. In soliciting these funds from investors, SIMMONS falsely told a particular investor, an entity ("Victim-3"), that its funds would be allocated among four portfolio managers working with Sentinel for investments in securities. Similarly, MELI obtained funds to assist Varacchi in repaying Victim-2 by falsely representing to another investor, an entity ("Victim-4"), that its funds would be utilized for the bulk purchase of tickets to a Broadway show which would then be resold on the secondary market. In fact, upon receiving funds from Victim-4, MELI immediately transferred them to Sentinel.

8. As a result of this fraudulent scheme, which STEVEN SIMMONS and JOSEPH MELI, the defendants, furthered through false statements to investors, more than approximately 30 investors in Sentinel were defrauded out of more than approximately $20 million.

### Statutory Allegations

9. From at least in or about 2013 up to and including in or about January 2017, in the Southern District of New York and

4

elsewhere, STEVEN SIMMONS and JOSEPH MELI, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; and wire fraud, in violation of Title 18, United States Code, Section 1343.

10. It was a part and object of the conspiracy that STEVEN SIMMONS and JOSEPH MELI, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud

5

and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

11. It was a further part and an object of the conspiracy that STEVEN SIMMONS and JOSEPH MELI, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Overt Acts

12. In furtherance of the conspiracy and to effect the illegal objects thereof, STEVEN SIMMONS and JOSEPH MELI, the defendants, and their co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about July 24, 2014, SIMMONS sent an e-mail to Victim-1 listing the terms of an "investment proposal" for how Victim-1's funds would be invested by Sentinel.

6

b.      In or about December 2015, SIMMONS spoke with the Chief Executive Officer of Victim-3, which was based in Westchester, New York, to solicit an investment in Sentinel.

c.      On or about December 23, 2015, MELI forwarded to Mark Varacci an e-mail MELI had received from a representative of Victim-4 stating that Victim-4 was prepared to provide its investment funds to MELI upon MELI's direction.

d.      On or about December 29, 2015, MELI directed a wire transfer to Sentinel in the amount of $1.5 million, including investment funds from Victim-4, from a bank account in the name of Advance, which was located in New York, New York.

(Title 18, United States Code, Section 371.)

### COUNT TWO

### (Securities Fraud)

The Grand Jury further charges:

13.     The allegations set forth in paragraphs 1 through 8 and paragraph 12 are realleged and incorporated by reference as if fully set forth herein.

14.     From at least in or about 2013 through in or about January 2017, in the Southern District of New York and elsewhere, STEVEN SIMMONS and JOSEPH MELI, the defendants, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of

facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, SIMMONS and MELI, utilizing false representations, obtained funds from investors in order to utilize those funds to make payments to Sentinel investors that had demanded the return of their funds.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT THREE

### (Wire Fraud)

The Grand Jury further charges:

15. The allegations set forth in paragraphs 1 through 8 and paragraph 12 are realleged and incorporated by reference as if fully set forth herein.

8

16. From at least in or about 2013, up to and including in or about January 2017, in the Southern District of New York and elsewhere, STEVEN SIMMONS and JOSEPH MELI, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, MELI and SIMMONS, utilizing false representations, obtained funds from investors in order to utilize those funds to make payments to Sentinel investors that had demanded the return of their funds.

(Title 18, United States Code, Sections 1343 & 2.)

## COUNT FOUR

### (Wire Fraud)

The Grand Jury further charges:

17. The allegations set forth in paragraphs 1 through 8 and paragraph 12 are realleged and incorporated by reference as if fully set forth herein.

9

## MELI's Fraudulent Ticket Resale Scheme

18. From at least in or about 2015 through in or about January 2017, JOSEPH MELI, the defendant, conducted a scheme to defraud more than approximately 130 investors who invested a total of more than approximately $95 million through false representations that MELI would use investor funds to purchase tickets to various live events for resale at a profit on the secondary market. In fact, MELI utilized a substantial portion of the investor funds he obtained for MELI's personal expenses — including payments for a $3 million house in East Hampton, New York, a 2017 Porsche convertible, and expensive watches and jewelry — and to make payments, in a Ponzi-like manner, to previous investors in MELI's ticket fraud scheme and in Sentinel.

19. In furtherance of the fraudulent scheme, JOSEPH MELI, the defendant, falsely represented to investors that MELI had entered into written agreements with production companies for popular Broadway shows and with management companies for popular singers and music bands (together, the "Production and Management Companies") to purchase large blocks of tickets to the shows and performances. In truth and in fact, MELI had not entered into such agreements and did not have any contractual rights to purchase such tickets from the Production and Management Companies.

10

20.   In   furtherance   of   the   scheme,   JOSEPH   MELI,   the
defendant, moreover provided investors with falsified documents
purporting to reflect agreements between MELI's company, Advance,
and   the   Production   and   Management   Companies,   in   which   the
Production and Management Companies agreed to sell Advance large
blocks of tickets to the shows or performances.   In truth and in
fact, the Production and Management Companies had not entered into
agreements   to   sell   tickets   to   MELI   or   Advance.     These   fake
agreements listed, as authorized representatives entering into the
agreements on behalf of the Production and Management Companies,
the   names   of   individuals   within   those   organizations,   and
furthermore contained fraudulent signatures of these individuals.

## Statutory Allegations

21.   From   at   least   in   or   about   2015   through   in   or   about
January 2017, in the Southern District of New York and elsewhere,
JOSEPH   MELI,   the   defendant,   willfully   and   knowingly,   having
devised and intending to devise a scheme and artifice to defraud,
and for obtaining money and property by means of false and
fraudulent pretenses, representations and promises, transmitted
and caused to be transmitted by means of wire, radio, and
television   communication   in   interstate   and   foreign   commerce,
writings, signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, to wit, MELI, utilizing false

representations, obtained funds from investors and then utilized those funds to make payments to earlier investors and otherwise misappropriated those funds for his personal benefit.

(Title 18, United States Code, Sections 1343 & 2.)

## COUNT FIVE

### (Securities Fraud)

The Grand Jury further charges:

22. The allegations set forth in paragraphs 1 through 8, paragraph 12, and paragraphs 18 through 20 are realleged and incorporated by reference as if fully set forth herein.

23. From at least in or about 2013 through in or about January 2017, in the Southern District of New York and elsewhere, JOSEPH MELI, the defendant, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5: by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts,

12

practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, MELI, utilizing false representations, obtained funds from investors and then utilized those funds to make payments to earlier investors and otherwise misappropriated those funds for his personal benefit.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT SIX

### (Aggravated Identity Theft)

The Grand Jury further charges:

24. The allegations set forth in paragraphs 1 through 8, paragraph 12, and paragraphs 18 through 20 are realleged and incorporated by reference as if fully set forth herein.

25. From at least in or about 2015 through in or about January 2017, in the Southern District of New York and elsewhere, JOSEPH MELI, the defendant, willfully and knowingly, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Four of this Indictment, transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, MELI used, and caused to be used, the names of individuals within the Production and Management Companies in fraudulent

13

agreements which MELI provided to investors and others in furtherance of the wire fraud scheme alleged in Count Four of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

## FORFEITURE ALLEGATION

26. As a result of committing one or more of the offenses alleged in Counts One through Five of this Indictment, STEVEN SIMMONS and JOSEPH MELI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

    a. The real property with address 50 Green Hollow Road, East Hampton, New York, 11937;

    b. A 2017 Porsche 911 Turbo bearing Vehicle Identification Number WP0CD2A95HS178299;

    c. A Rolex watch, Model # 116710BLNR, bearing serial number 412Z1733;

    d. A Patek Philippe watch, World Time A8R IVA SKBK DP, bearing serial number 5786338/4647627;

14

e.  A Patek Philippe watch, CALTRV SEC A8W BLA SKBK D, bearing serial number 5881281/6037122;

f.  All funds held in Merrill Lynch Bank & Trust Company Account # 5AX-03098 in the name of Advance Entertainment, LLC;

g.  All funds held in Signature Bank Account # 1503001655 in the name of Advance Entertainment II, LLC;

h.  All funds held in Signature Bank Account # 1502805327 in the name of Advance Entertainment II, LLC;

i.  All funds held in Signature Bank Account # 1502702528 in the name of Advance Entertainment II, LLC;

j.  All funds held in JPMorgan Chase Account # 2991237799 in the name of 127 Holdings, LLC;

k.  All funds held in Signature Bank Account # 1502571199 in the name of 875 Holdings, LLC; and

l.  A sum of $685,000 held at Citibank in Account # 9250402260.

### Substitute Asset Provision

27.  If any of the above described forfeitable property, as a result of any act or omission of the defendants:

15

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853(p), and
Title 28, United States Code, Section 2461(c).)

███████████████████

FOREPERSON

JOON H. KIM   TPK
Acting United States Attorney

16

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**JOSEPH MELI and
STEVEN SIMMONS,**

**Defendants.**

**SUPERSEDING INDICTMENT**

S1 17 Cr. 127 (KMW)

(Title 18, United States Code, Sections
371, 1028A, 1343 & 2; Title 15, United
States Code, Sections 78j(b) & 78ff;
and Title 17, Code of Federal
Regulations, Section 240.10b-5;)

JOON H. KIM
Acting United States Attorney.

**A TRUE BILL**

Foreperson

*Filed Indictment*

*9/5/17*

*USMJ PECK*

MG.

17

AO 245C (Rev. 02/18)  Amended Judgment in a Criminal Case  Sheet 1

CASE 0:24-cr-00096-JRT   Doc. 2   Filed 04/30/24   Page 18 of 50
CASE KMW   Document 178   Filed 09/10/18   Page 1 of 7 (with Asterisks (*))

# UNITED STATES DISTRICT COURT

## Southern District of New York

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 9/10/18

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| JOSEPH MELI | Case Number: S1 17 CR 127 (KMW) |
| | USM Number: 78663-054 |

**Date of Original Judgment:**  4/5/2018

*(Or Date of Last Amended Judgment)*

Michael Bowen, Esq. (AUSA Brendan Quigley)

Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or

  ☐ 18 U.S.C. § 3559(c)(7)

☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  5 (five)

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 USC 78j(b), 15 USC | Securities Fraud | 1/31/2017 | 5 |
| 78ff and 17 CFR | | | |
| 240.10b-5 | | | |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  all open & underlying indict.  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/3/2018

Date of Imposition of Judgment

*Kimba M. Wood*

Signature of Judge

KIMBA M. WOOD, U.S.D.J.

Name and Title of Judge

9 - 10 - 18

Date

AO 245C (Rev. 02/18)    Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:  JOSEPH MELI
CASE NUMBER:  S1 17 CR 127 (KMW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

78 months.

☑    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends to the Bureau of Prisons that the defendant be incarcerated at the camp at USP Lewisburg, and that the defendant be allowed to participate in the RDAP program.

☐    The defendant is remanded to the custody of the United States Marshal.

☑    The defendant shall surrender to the United States Marshal for this district:

    ☑  at   10:00          ☑  a.m.   ☐  p.m.   on   6/26/2018          .

    ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on                          .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to  _____

at _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18)    Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

| | Judgment | Page | 3 | of | 7 |

DEFENDANT:  JOSEPH MELI
CASE NUMBER:   S1 17 CR 127 (KMW)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page ___4___ of ___7___

DEFENDANT:   JOSEPH MELI
CASE NUMBER:   S1 17 CR 127 (KMW)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature    _____    Date _____

AO 245C (Rev. 02/18)  Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___5___ of ___7___

DEFENDANT:   JOSEPH MELI
CASE NUMBER:   S1 17 CR 127 (KMW)

## SPECIAL CONDITIONS OF SUPERVISION

The standard and mandatory conditions of supervised release apply, along with the following special conditions:

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search, on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant shall participate in an outpatient mental health treatment program approved by the United States Probation Office. The defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The defendant shall contribute to the costs of services rendered not covered by third-party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall be supervised by the district of his residence.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

CASE 0:24-cr-00096-JRT    Doc. 2    Filed 04/30/24    Page 23 of 50
Case 1:17-cr-00127-KMW    Document 178    Filed 09/10/18    Page 6 of 7
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page \_\_\_6\_\_\_ of \_\_\_7\_\_\_

DEFENDANT:  JOSEPH MELI
CASE NUMBER:  S1 17 CR 127 (KMW)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ 56,037,924.28 * |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Sealed Schedule of Victims | | $56,037,924.28 * | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 56,037,924.28 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
Case 1:17-cr-00127-KMW   Document 178   Filed 09/10/18   Page 7 of 7
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:  JOSEPH MELI
CASE NUMBER:  S1 17 CR 127 (KMW)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ ___100.00___ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    Restitution will be paid in monthly installments of 10% of his gross monthly income, during any year in which the defendant earns $30,000 gross yearly income or less. During any year that the defendant earns a gross yearly income of more than $30,000, the defendant shall pay restitution in monthly installments of 15% of his gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    $104,765,565.00

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

CLOSED,ECF,PRIOR

## U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:17−cr−00127−KMW−2

Case title: USA v. Simmons et al

Magistrate judge case number:  1:17−mj−00647−UA

Date Filed: 02/23/2017

Date Terminated: 04/05/2018

Assigned to: Judge Kimba M. Wood

### Defendant (2)

**Joseph Meli**
*TERMINATED: 04/05/2018*

represented by **Daniel J. Fetterman**
Kasowitz, Benson, Torres LLP (NYC)
1633 Broadway
New York, NY 10019
(212)−506−1934
Fax: (212)−506−1800
Email: dfetterman@kasowitz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Paul Bowen**
Kasowitz, Benson, Torres LLP
1633 Broadway
New York, NY 10019
(212) 506−1700 x1903
Fax: (212) 506−1800
Email: mbowen@glennagre.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Adam Swope Kaufmann**
Lewis Baach Kaufmann Middlemiss PLLC
405 Lexington Avenue
New York, NY 10174
212−826−7001
Fax: 212−826−7146
Email: adam.kaufmann@lbkmlaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Lawrence Stein**
Mayer Brown LLP (NY)
1221 Avenue of the Americas, 14th Floor
New York, NY 10020−1001
212−506−2646
Fax: 212−849−5573
Email: daniel.stein@weil.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Alexander**
Pierce Bainbridge Beck Price & Hecht, LLP
20 W 23 Street, Fifth Floor
New York, NY 10010

212-484-9866
Fax: 212-404-7993
Email: JAlexander@kasowitz.com
*ATTORNEY TO BE NOTICED*

**Valerie Alice Gotlib**
Gotlib Law, PLLC
225 Broadway
Suite 2815
New York, NY 10007
917-536-8171
Email: valerie@gotliblaw.com
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (5s) | Imprisonment: 78 months. Supervised Release: 3 years. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO COMMIT SECURITIES FRAUD & WIRE FRAUD (1) | Dismissed |
| 18:371.F CONSPIRACY TO COMMIT SECURITIES FRAUD & WIRE FRAUD (1s) | Dismissed |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (2) | Dismissed |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (2s) | Dismissed |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (3-4) | Dismissed |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (3s-4s) | Dismissed |
| 15:78J.F MANIPULATIVE AND DECEPTIVE DEVICES (SECURITIES FRAUD) (5) | Dismissed |
| 18:1028A.F FRAUD WITH IDENTIFICATION DOCUMENTS (AGGRAVATED IDENTITY THEFT) (6s) | Dismissed |

**Highest Offense Level**

**(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|

18:371.F CONSPIRACY TO
COMMIT SECURITIES FRAUD
AND WIRE FRAUD, 15:78.F
SECURITIES FRAUD, 17: 240.
10b−5 CODE OF FEDERAL
REGULATIONS, 18:1343.F
WIRE FRUAD

---

**Interested Party**

**Marc Adler**
represented by **Jonathan Marc Davidoff**
Davidoff Law Firm, PLLC
228 East 45th Street
Suite 1110
New York, NY 10017
212−587−5971
Fax: 212−658−9852
Email: jonathan@davidofflawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**Robert Cohen**
represented by **Jonathan Marc Davidoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**Peter Forsstrom**
represented by **Jonathan Marc Davidoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**Michael McQuary**
represented by **Jonathan Marc Davidoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**Jonathan M. Davidoff**
represented by **Jonathan Marc Davidoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Interested Party**

Neila Fortino                                    represented by **David Thomas Martin**
                                                 Cummings & Lockwood LLC
                                                 Six Landmark Square
                                                 Stamford, CT 06901
                                                 (203)−351−4108
                                                 Fax: (203)−708−3865
                                                 Email: dmartin@cl−law.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Retained*

**Interested Party**

Town of Wilton, CT                               represented by **Bryan L. LeClerc**
                                                 Berchem, Moses & Devlin, P.C.
                                                 75 Broad Street
                                                 Milford, CT 06460
                                                 (203) 783−1200
                                                 Fax: (203) 8787−4912
                                                 Email: bleclerc@berchemmoses.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Retained*

**Interested Party**

Heather Simmons

**Interested Party**

Kleet Lumber CO. Inc.                            represented by **Steven Louis Rosenthal**
                                                 Kirschenbaum & Phillips, P.C.
                                                 40 Daniel Street
                                                 Farmingdale, NY 11735
                                                 516−746−1144
                                                 Email: srosenthal@collectlaw.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Retained*

**Interested Party**

David S. Nagelberg                               represented by **Judd Benjamin Grossman**
                                                 Grossman LLP
                                                 745 Fifth Avenue, 5th Floor
                                                 New York, NY 10151
                                                 (646)−770−7445
                                                 Fax: (646)−417−7997
                                                 Email: jgrossman@grossmanllp.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Retained*

                                                 **Webster Dean McBride**
                                                 Grossman LLP
                                                 745 Fifth Avenue, 5th Floor
                                                 New York, NY 10151
                                                 646−770−7445

Fax: 646−417−7997
Email: wmcbride@grossmanllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Plaintiff**

**USA**

represented by **Brendan Quigley**
30 Rockefeller Plaza
New York, NY 10112
212−408−2520
Fax: 212−259−2520
Email: brendan.quigley@bakerbotts.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Elisha Jonathan Kobre**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
212−637−2599
Fax: 212−637−2937
Email: ekobre@bradley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Jared P Lenow**
US Attorneys Office
One St. Andrew's Plaza
New York, NY 10007
(212) 637−1068
Email: jared.lenow@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Melissa A. Childs**
DOJ−USAO
1 St. Andrew's Plaza
New York, NY 10007
212−637−2711
Email: melissa.childs@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2017 | 1 | COMPLAINT as to Steven Simmons (1), Joseph Meli (2). In Violation of 18 U.S.C. 371; 15 U.S.C. 78j (b) & 78f; 17 U.S.C 240.10b−5; 18 U.S.C. 1343 (Signed by Magistrate Judge James C. Francis) (dif) [1:17−mj−00647−UA] (Entered: 01/27/2017) |
| 01/27/2017 | | Arrest of Joseph Meli. (dif) [1:17−mj−00647−UA] (Entered: 01/27/2017) |
| 01/27/2017 | 7 | NOTICE OF ATTORNEY APPEARANCE: Retained Attorney Michael Paul Bowen appearing for Joseph Meli. (dif) [1:17−mj−00647−UA] (Entered: 01/27/2017) |
| 01/27/2017 | | Attorney update in case as to Joseph Meli. Attorney Michael Paul Bowen for Joseph Meli added.. (dif) [1:17−mj−00647−UA] (Entered: 01/27/2017) |
| 01/27/2017 | 8 | Minute Entry for proceedings held before Magistrate Judge James C. Francis: Initial Appearance as to Joseph Meli held on 1/27/2017., Deft Appears with Retained Attorney Michael Bowen and AUSA Elisha Kobre by Joshua Naftalis for the government. $1,000,000 PRB; 4 FRP'S; Secured by Property; Wife's Property; Travel Limited to SDNY/EDNY; Surrender Travel Documents (& No New Applications); Strict Pretrial Supervision; Deft Not to Possess Firearm/Destructive Device/Other |

| | | |
|---|---|---|
| | | Weapon; Deft to Be Released on Own Signature, Plus the Following Conditions; 1 FRP; Remaining Conditions to Be Met by 2/3/17; (3 FRP'S, Property) ( Preliminary Hearing set for 2/27/2017 at 10:00 AM before Judge Unassigned.) (dif) Modified on 1/27/2017 (dif). [1:17−mj−00647−UA] (Entered: 01/27/2017) |
| 01/27/2017 | 9 | AGREEMENT TO FORFEIT REAL PROPERTY by Joseph Meli. Personal Recognizance Bond in the amount of $ 1,000,000 PRB, 4 FRP'S; Secured by Property; Wife's Property; Travel Limited to SDNY/EDNY; Surrender Travel Documents (& No New Applications); Strict Pretrial Supervision; Deft Not to Possess Firearm/Destructive Device/Other Weapon; Deft to Be Released on Own Signature, Plus the Following Conditions; 1 FRP; Remaining Conditions to Be Met by 2/3/17 (3 FRP'S, Property) (dif) [1:17−mj−00647−UA] (Entered: 01/27/2017) |
| 02/08/2017 | 11 | TRANSCRIPT of Proceedings as to Steven Simmons, Joseph Meli re: Arraignment held on 1/27/2017 before Magistrate Judge James C. Francis IV. Court Reporter/Transcriber: Mary Greco, (518) 581−8973, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/1/2017. Redacted Transcript Deadline set for 3/13/2017. Release of Transcript Restriction set for 5/9/2017. (ft) [1:17−mj−00647−UA] (Entered: 02/08/2017) |
| 02/08/2017 | 12 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Steven Simmons, Joseph Meli. Notice is hereby given that an official transcript of a Arraignment proceeding held on 1/27/2017 has been filed by the court reporter/transcriber in the above captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. (ft) [1:17−mj−00647−UA] (Entered: 02/08/2017) |
| 02/23/2017 | 16 | INDICTMENT FILED as to Steven Simmons (1) count(s) 1, 2, 3, Joseph Meli (2) count(s) 1, 2, 3−4, 5. (jm) (Entered: 02/24/2017) |
| 02/23/2017 | | Case Designated ECF as to Steven Simmons, Joseph Meli. (jm) (Entered: 02/24/2017) |
| 02/28/2017 | 18 | Minute Entry on "Disposition Sheet" for proceedings held before Magistrate Judge Sarah Netburn: Arraignment as to Joseph Meli (2) Count 1,2,3−4,5 held on 2/28/2017. AUSA Branden Bowen. Defense Counsel Mike Bowen. Defendant arraigned; pleads Not Guilty. Speedy Trial Time excluded under 18 U.S.C. Section 3161(h)(7) until 3/7/2017. ( Plea entered by Joseph Meli (2) Count 1,2,3−4,5 — Not Guilty. ) (bw) (Entered: 03/01/2017) |
| 02/28/2017 | | ORAL ORDER as to Joseph Meli (2). Time excluded from 2/28/2017 until 3/7/2017. (By Magistrate Judge Sarah Netburn on 2/28/2017) (bw) (Entered: 03/01/2017) |
| 03/10/2017 | 19 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Michael Paul Bowen dated March 10, 2017 re: Unopposed Request for Bail Modification to Permit Travel to Minnesota to Attend to Family Matters (Bowen, Michael) (Entered: 03/10/2017) |
| 03/13/2017 | 21 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Michael Paul Bowen dated March 13, 2017 re: Amending Our March 10, 2017 Letter Request for a Bail Modification [D.E. 19] (Bowen, Michael) (Entered: 03/13/2017) |
| 03/13/2017 | 22 | CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Florian Miedel dated 03−13−2017 re: Adjournment of Status Conference Due to Weather . Document filed by Steven Simmons as to Steven Simmons, Joseph Meli. (Miedel, Florian) (Entered: 03/13/2017) |
| 03/13/2017 | 24 | MEMO ENDORSEMENT as to Steven Simmons, Joseph Meli on re: 21 LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Attorney Michael Paul Bowen dated March 13, 2017 re: Amending Our March 10, 2017 Letter Request for a Bail Modification [D.E. 19]. We represent Joseph Meli and write to amend our March 10, 2017 letter request for a bail modification to permit him to travel to Minnesota. Given the impending winter storm in the Northeast, we request that the permission to travel cover the period of March 15 through Sunday, March 19, 2017. ENDORSEMENT: Granted. The conference previously scheduled for March 14 will be adjourned to |

| | | Tuesday, March 21, at 2:00 p.m. SO ORDERED: (Signed by Judge Kimba M. Wood on 3/13/2017)(bw) (Entered: 03/13/2017) |
|---|---|---|
| 03/13/2017 | 25 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSAs Quigley/Kobre dated 3/13/2017 re: Exclusion of Speedy Trial time and proposed Protective Order . Document filed by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Exhibit Proposed Speedy Trial Order, # 2 Exhibit Proposed Protective Order)(Quigley, Brendan) (Entered: 03/13/2017) |
| 03/20/2017 | 26 | ORDER as to Steven Simmons, Joseph Meli. IT IS HEREBY ORDERED that the time between the date of this Order and March 21, 2017 is excluded in the interest of Justice under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), to allow for continuity of counsel, for the Government to begin producing discovery, and for the parties to engage in any discussions regarding a disposition. The Court finds that the ends of justice served by this exclusion of time outweigh the interests of the public and the defendants in a speedy trial. (Signed by Judge Kimba M. Wood on 3/20/2017)(bw) (Entered: 03/20/2017) |
| 03/20/2017 | 27 | PROTECTIVE ORDER as to Steven Simmons, Joseph Meli. On the motion of the United States of America, by Joon H. Kim, Acting United States Attorney, through his counsel, Elisha Kobre and Brendan F. Quigley, Assistant United States Attorneys ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), for good cause shown, IT IS HEREBY ORDERED: 1. With the exception of otherwise publicly available documents and information, all materials, including documents and the information contained therein, that are provided by the Government to the defendants in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; Brady v. Maryland; or Giglio v. United States, are considered "Confidential Information." 2. Confidential Information disclosed to the defendants or to their counsel in this case during the course of proceedings in this action: (a) Shall be used by the defendants and their counsel only for purposes of defending this criminal action, except that defendant Joseph Meli may use Confidential Information in S.E.C. v. Joseph Meli, et al., No. 17 Civ. 632 (LLS), provided that such use is consistent with the provisions of this Order as set forth below;...[See this Protective Order]... 6. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information or, if so designated pursuant to paragraph 5, Highly Confidential, pending further Order of this Court. (Signed by Judge Kimba M. Wood on 3/20/2017)(bw) (Entered: 03/20/2017) |
| 03/21/2017 | | Minute Entry for proceedings held before Judge Kimba M. Wood: Pretrial Conference as to Steven Simmons, Joseph Meli held on 3/21/2017. Defendant Steven Simmons present with attorny Florian Miedel. Defendant Joseph Meli present with attorny Michael Paul Bowen. Ausa present Elisha Jonathan Kobre & Brendan Quigley. Next conference set for 5−10−17 at 3:00 p.m. Time Excluded. Both defendants continued released. (bw) (Entered: 03/23/2017) |
| 03/21/2017 | | ORAL ORDER as to Steven Simmons, Joseph Meli. Time excluded from 3/21/2017 until 5/10/2017. Pretrial Conference set for 5/10/2017 at 03:00 PM before Judge Kimba M. Wood. (bw) (Entered: 03/23/2017) |
| 03/23/2017 | 28 | BILL OF PARTICULARS by USA as to Steven Simmons, Joseph Meli . (Kobre, Elisha) (Entered: 03/23/2017) |
| 03/31/2017 | 30 | MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel . Document filed by Joseph Meli. (Attachments: # 1 Text of Proposed Order For Joseph Meli's Motion To Lift The Stipulation Restraining Payment To Defense Counsel)(Bowen, Michael) (Entered: 03/31/2017) |
| 03/31/2017 | 31 | DECLARATION of Michael P. Bowen in Support as to Joseph Meli re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel .. (Bowen, Michael) (Entered: 03/31/2017) |
| 03/31/2017 | 32 | MEMORANDUM in Support by Joseph Meli re 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel .. (Bowen, Michael) (Entered: 03/31/2017) |

| 04/04/2017 | 33 | NOTICE of Change of Firm Name to Kasowitz Benson Torres LLP as to Joseph Meli (Bowen, Michael) (Entered: 04/04/2017) |
|---|---|---|
| 04/11/2017 | 34 | RESPONSE in Opposition by USA as to Steven Simmons, Joseph Meli re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel .. (Quigley, Brendan) (Entered: 04/11/2017) |
| 04/13/2017 | 35 | ORDER as to Steven Simmons, Joseph Meli. The Court has reviewed Defendant Meli's Motion seeking an Order to lift the stipulation restraining payment to defense counsel (Doc. 31). If Meli wishes to challenge the Court's finding of probable cause that the assets are properly forfeitable, Meli must first present evidence to the Court that he has no sufficient alternative, unrestrained assets to fund his counsel of choice. See United States v. Bonventre, 720 F.3d 126 (2d Cir. 2013). Meli's papers are due to the Court by April 26, 2017, and the hearing to challenge probable cause will be held on May 9, 2017, at 11 :00 a.m. SO ORDERED. (Signed by Judge Kimba M. Wood on 4/13/2017)(bw) (Entered: 04/13/2017) |
| 04/14/2017 | 36 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Michael P. Bowen dated April 14, 2017 re: Requesting a bail modification to permit Mr. Meli to travel to Oregon to attend a personal matter. (Bowen, Michael) (Entered: 04/14/2017) |
| 04/14/2017 | 37 | ENDORSED LETTER as to Joseph Meli addressed to Judge Kimba M. Wood from Michael P. Bowen dated 4/14/2017 re: Mr. Meli seeks permission to attend to personal affairs in Oregon, during the period Tuesday, April 18 through Saturday, April 22 or the following week from Monday, April 24 through Friday April 28....ENDORSEMENT: Either request is granted. (Signed by Judge Kimba M. Wood on 4/14/17)(jw) (Entered: 04/14/2017) |
| 04/24/2017 | 38 | CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Michael P. Bowen dated April 24, 2017 re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel ., 31 Declaration in Support of Motion, 32 Memorandum in Support of Motion, 35 Order, Set Deadlines/Hearings,,,, 34 Response in Opposition to Motion re: Attorney Fee Extension . Document filed by Joseph Meli. (Attachments: # 1 Text of Proposed Order)(Bowen, Michael) (Entered: 04/24/2017) |
| 04/25/2017 | 39 | MEMO ENDORSEMENT as to (17−Cr−127−02) Joseph Meli on re: 38 CONSENT LETTER MOTION filed by Joseph Meli addressed to Judge Kimba M. Wood from Attorney Michael P. Bowen dated April 24, 2017 re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel, 31 Declaration in Support of Motion, 32 Memorandum in Support of Motion, 35 Order, Set Deadlines/Hearings, 34 Response in Opposition to Motion re: Attorney Fee Extension. On the consent of all parties, we write to request that the April 26, 2017 deadline for Mr. Meli's reply papers regarding his Motion seeking an Order to lift the stipulation restraining payment to defense counsel (ECF Nos. 30−32, 34−35) be extended to Wednesday, May 3, 2017 and that the corresponding hearing currently scheduled for May 9, 2017 be extended to May 16, 2017, or to a date after that per the Court's convenience and schedule. We further request, on consent of all parties, that the Pretrial Conference currently set for May 10, 2017 be extended to the same date and time that the Court sets for the above hearing. All parties consent to a waiver of Speedy Trial Act time until the rescheduled Pretrial Conference before your Honor. ENDORSEMENT: Meli's papers are due to the Court by May 3, 2017. Both the hearing to challenge probable cause and the pretrial conference currently scheduled for May 10, 2017 will be adjourned to May 17, 2017 at 2:00 p.m. SO ORDERED: (Signed by Judge Kimba M. Wood on 4/25/2017)(bw) (Entered: 04/26/2017) |
| 04/25/2017 | | Terminate Deadlines and Hearings as to Joseph Meli (2): Terminated Pretrial Conference set for 5/10/2017 at 03:00 PM before Judge Kimba M. Wood. (bw) (Entered: 04/26/2017) |
| 04/25/2017 | 40 | SCHEDULING ORDER as to (17−Cr−127−02) Joseph Meli. Upon consideration of the April 24, 2017 letter of defendant Joseph Meli, IT IS HEREBY ORDERED that: (a) the deadline presently set for Mr. Meli's reply papers regarding his Motion seeking an Order to lift the stipulation restraining payment to defense counsel, currently set for April 26, 2017, (ECF Nos. 30−32, 34−35) is adjourned, and is hereby extended on consent to May 3, 2017, or until further Order of this Court; (b) the hearing presently set for May 9, 2017 at 11:00 a.m., regarding Mr. Meli's payment to defense counsel |

| | | |
|---|---|---|
| | | (ECF No. 35), is adjourned, and is hereby extended on consent to May 16, 2017, or to a date after that per the Court's convenience and schedule; and (c) the Pretrial Conference currently scheduled for May 10, 2017, at 3 :00 p.m, is adjourned, and is hereby extended on consent to May 16, 2017, or to a date after that per the Court's convenience and schedule (all parties having consented to waive corresponding time pursuant to the Speedy Trial Act). ENDORSEMENT: Extension granted to May 17, 2017 at 2:00 p.m. (Signed by Judge Kimba M. Wood on 4/25/2017)(bw) (Entered: 04/26/2017) |
| 04/25/2017 | 41 | SCHEDULING ORDER as to Steven Simmons, Joseph Meli. The next conferences in this matter, previously scheduled for May 9, 2017 and May 10, 2017, are both adjourned to Wednesday, May 17, 2017, at 2:00 P.M. The Court excludes the time from May 10, 2017 until May 17, 2017 from the running of the Speedy Trial Act clock pursuant to 18 U.S.C. § 3161(h)(7)(A). The Court finds that the granting of such a continuance best serves the ends of justice and outweighs the best interest of the public and the Defendants in a speedy trial. (Signed by Judge Kimba M. Wood on 4/25/2017)(bw) (Entered: 04/26/2017) |
| 05/03/2017 | 42 | REPLY MEMORANDUM OF LAW in Support as to Joseph Meli re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel . . (Bowen, Michael) (Entered: 05/03/2017) |
| 05/03/2017 | 43 | DECLARATION of Joseph Meli in Support as to Joseph Meli re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel .. (Attachments: # 1 Exhibit 1 − Order to Show Cause, # 2 Exhibit 2 − Preliminary Injunction Order, # 3 Exhibit 3 − Post−Indictment Restraining Order)(Bowen, Michael) (Entered: 05/03/2017) |
| 05/08/2017 | 44 | LETTER MOTION addressed to Judge Kimba M. Wood from Elisha Kobre dated May 8, 2017 re: Leave to File Response to Defendant Meli's 5/3/2017 Submission . Document filed by USA as to Steven Simmons, Joseph Meli. (Kobre, Elisha) (Entered: 05/08/2017) |
| 05/08/2017 | 45 | MEMO ENDORSEMENT granting 44 LETTER MOTION filed by USA as to Steven Simmons (1), Joseph Meli (2), addressed to Judge Kimba M. Wood from AUSA Elisha J. Kobre dated May 8, 2017 re: Leave to File Response to Defendant Meli's 5/3/2017 Submission. Accordingly, the Government respectfully requests leave to file a response to the Reply by May 12, 2017. ENDORSEMENT: Granted. SO ORDERED: (Signed by Judge Kimba M. Wood on 5/8/2017) (bw) (Entered: 05/08/2017) |
| 05/08/2017 | | Set/Reset Deadlines/Hearings as to Steven Simmons, Joseph Meli: Responses (by Government) due by 5/12/2017. (bw) (Entered: 05/08/2017) |
| 05/12/2017 | 46 | RESPONSE in Opposition by USA as to Steven Simmons, Joseph Meli re: 30 MOTION seeking an Order annulling the parties' stand−still stipulation concerning prior payment to defense counsel .. (Quigley, Brendan) (Entered: 05/12/2017) |
| 05/17/2017 | 47 | NOTICE OF ATTORNEY APPEARANCE: Daniel J. Fetterman appearing for Joseph Meli. Appearance Type: Retained. (Fetterman, Daniel) (Entered: 05/17/2017) |
| 05/17/2017 | 48 | NOTICE OF ATTORNEY APPEARANCE: Jeffrey R. Alexander appearing for Joseph Meli. Appearance Type: Retained. (Alexander, Jeffrey) (Entered: 05/17/2017) |
| 05/17/2017 | 49 | ORDER as to (17−Cr−127−02) Joseph Meli. The Court DENIES Defendant Joseph Meli's request for a Monsanto(see Footnote 1 on this Order) hearing to lift the Post Indictment Restraining Order that restrained the $685,000 Defendant transferred to Kasowitz, Benson, and Torres ("K, B & T") the day after he was indicted. (Doc. 30). The Defendant has failed to demonstrate, as required by U.S. v. Bonventre, that he lacks "sufficient alternative assets to fund [his] counsel of choice." (See Footnote 2 on this Order) Defendant's mere recitation that he has "no unrestrained funds to pay for attorney[s'] fees" does not suffice to warrant a Monsanto hearing....[See this Order]... The pretrial conference scheduled for May 17, 2017, at 2:00 p.m. will proceed accordingly. SO ORDERED. (Signed by Judge Kimba M. Wood on 5/17/2017)(bw) (Entered: 05/17/2017) |

| 05/17/2017 | | Minute Entry for proceedings held before Judge Kimba M. Wood:Pretrial Conference as to Steven Simmons, Joseph Meli held on 5/17/2017 ( Motions due by 9/18/2017.) Defendant Stephen Simmons is present with his attorney Florian Miedel. Defendant Joseph Meli is present with his attorneys Michael Bowen, Jeffrey Alexander, and David Miller. AUSAs Brendan Quigley and Elisha Kobre are present. Court reporter Rose Prater is present. Conference held (see transcript). The Court sets August 31, 2017, as the deadline for discovery to be completed. All motions are due September 18, 2017. Pretrial submissions are due November 20, 2017, and trial will begin on November 27, 2017. Given defense counsels need to review discovery and prepare for trial, the Court excludes the time from today until November 27, 2017 under the Speedy Trial Act. The Court finds that this serves the ends of justice and outweighs the best interests of the public and the Defendants in a speedy trial. (jw) (Entered: 05/18/2017) |
|---|---|---|
| 05/24/2017 | 50 | CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Michael P. Bowen dated May 24, 2017 re: Bail modification regarding travel . Document filed by Joseph Meli. (Bowen, Michael) (Entered: 05/24/2017) |
| 05/25/2017 | 51 | MEMO ENDORSEMENT granting 50 CONSENT LETTER MOTION filed by Joseph Meli (2), addressed to Judge Kimba M. Wood from Attorney Michael P. Bowen dated May 24, 2017 re: Bail modification regarding travel. We write to request a bail modification to permit Mr. Meli to travel to Maryland over the Memorial Day Weekend (May 1 26−29, 2017) to attend his children's soccer games, which application is not opposed by the prosecution. ENDORSEMENT: Granted. SO ORDERED: (Signed by Judge Kimba M. Wood on 5/25/2017) (bw) (Entered: 05/25/2017) |
| 05/26/2017 | 52 | TRANSCRIPT of Proceedings as to Steven Simmons, Joseph Meli re: Conference held on 5/17/17 before Judge Kimba M. Wood. Court Reporter/Transcriber: Rose Prater, (212) 805−0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/16/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/24/2017. (McGuirk, Kelly) (Entered: 05/26/2017) |
| 05/26/2017 | 53 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Steven Simmons, Joseph Meli. Notice is hereby given that an official transcript of a Conference proceeding held on 5/17/17 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/26/2017) |
| 06/28/2017 | 54 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated June 28, 2017 re: Requesting a Bail Modification to Permit Mr. Meli to Travel to Minneapolis Minnesota (Fetterman, Daniel) (Entered: 06/28/2017) |
| 06/28/2017 | 55 | MEMO ENDORSEMENT as to (17−Cr−127−02) Joseph Meli on re: 54 LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Attorney Daniel J. Fetterman dated June 28, 2017 re: Requesting a Bail Modification to Permit Mr. Meli to Travel to Minneapolis Minnesota. Mr. Meli seeks permission to attend the funeral in Minneapolis from June 29 through June 31, 2017. ENDORSEMENT: Granted. SO ORDERED: (Signed by Judge Kimba M. Wood on 6/28/2017)(bw) (Entered: 06/28/2017) |
| 06/29/2017 | 56 | LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated June 29, 2017 re: bail modification regarding travel . Document filed by Joseph Meli. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Fetterman, Daniel) (Entered: 06/29/2017) |
| 06/29/2017 | 57 | MEMO ENDORSEMENT denying 56 LETTER MOTION filed by Joseph Meli (2), addressed to Judge Kimba M. Wood from Attorney Daniel J. Fetterman dated June 29, 2017 re: bail modification regarding travel. ENDORSEMENT: The Court denies this request on the grounds that Mr. Meli poses a flight risk, not withstanding his offer to surrender his youngest son's passport, based on the recorded conversation cited above. SO ORDERED: (Signed by Judge Kimba M. Wood on 6/29/2017) (bw) (Entered: 06/29/2017) |

| 09/05/2017 | 58 | (S1) SUPERSEDING INDICTMENT FILED as to Steven Simmons (1) count(s) 1s, 2s, 3s, Joseph Meli (2) count(s) 1s, 2s, 3s−4s, 5s, 6s. (jm) (Entered: 09/05/2017) |
|---|---|---|
| 09/14/2017 | 59 | MOTION for Bill of Particulars . Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 09/14/2017) |
| 09/14/2017 | 60 | MEMORANDUM in Support by Joseph Meli re 59 MOTION for Bill of Particulars .. (Fetterman, Daniel) (Entered: 09/14/2017) |
| 09/14/2017 | 61 | DECLARATION of Daniel J. Fetterman in Support as to Joseph Meli re: 59 MOTION for Bill of Particulars .. (Attachments: # 1 Exhibit A: Letter from Michael P. Bowen to Elisha Kobre and Brendan Quigley, # 2 Exhibit B: E−mail from Brendan Quigley to Jeffrey R. Alexander)(Fetterman, Daniel) (Entered: 09/14/2017) |
| 09/15/2017 | 62 | MOTION to Continue / Notice Of Defendant Meli's Motion For Continuance Of Trial. Document filed by Joseph Meli. (Attachments: # 1 Proposed Order)(Fetterman, Daniel) (Entered: 09/15/2017) |
| 09/15/2017 | 63 | MEMORANDUM in Support by Joseph Meli re 62 MOTION to Continue / Notice Of Defendant Meli's Motion For Continuance Of Trial.. (Fetterman, Daniel) (Entered: 09/15/2017) |
| 09/15/2017 | 64 | DECLARATION of Daniel J. Fetterman in Support as to Joseph Meli re: 62 MOTION to Continue / Notice Of Defendant Meli's Motion For Continuance Of Trial.. (Attachments: # 1 Exhibit A: May 17, 2017 Hearing Transcript)(Fetterman, Daniel) (Entered: 09/15/2017) |
| 09/17/2017 | 65 | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** RESPONSE in Opposition by USA as to Steven Simmons, Joseph Meli re: 62 MOTION to Continue / Notice Of Defendant Meli's Motion For Continuance Of Trial.. (Quigley, Brendan) Modified on 9/18/2017 (ka). (Entered: 09/17/2017) |
| 09/18/2017 |  | **NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − EVENT TYPE ERROR as to Steven Simmons, Joseph Meli: Notice to Attorney Brendan Francis Quigley to RE−FILE Document 65 Response in Opposition to Motion. Use the event type Letter found under the event list Other Documents. (ka)** (Entered: 09/18/2017) |
| 09/18/2017 | 66 | LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSAs Quigley/Kobre dated 9/18/2017 re: Defense Trial Adjournment Request Document filed by USA. (Quigley, Brendan) (Entered: 09/18/2017) |
| 09/18/2017 |  | Minute Entry for proceedings held before Judge Kimba M. Wood:Arraignment as to Steven Simmons (1) Count 1s,2s,3s and Joseph Meli (2) Count 1s,2s,3s−4s,5s,6sSteven Simmons (1) Count 1s,2s,3s and Joseph Meli (2) Count 1s,2s,3s−4s,5s,6s held on 9/18/2017., Plea entered by Steven Simmons (1) Count 1s,2s,3s and Joseph Meli (2) Count 1s,2s,3s−4s,5s,6sSteven Simmons (1) Count 1s,2s,3s and Joseph Meli (2) Count 1s,2s,3s−4s,5s,6s Not Guilty. Defendant Steven Simmons is present with his attorney Florian Miedel. Defendant Joseph Meli is present with his attorneys Dan Fetterman, Dan Stein and Jeffrey Alexander. AUSA Elisa Kobre is present. Court reporter is present. Pretrial conference is held (see transcript.) Both defendants are arraigned on superseding indictment S(1) and plead not guilty. Trial is adjourned to January 2, 2018, at 9:00 a.m. The Government will file a response to defendants' motion for a bill of particulars by September 29, 2017. Defendants' replies are due by October 6, 2017. Pretrial motions are due by October 23, 2017, with Government response due November 6, 2017, and any replies due November 9, 2017. Motions in limine are due by December 4, 2017, and responses are due by December 11, 2017. Joint voir dire and requests to charge are due by December 11, 2017. Time is excluded through January 2, 2018. (jw) (Entered: 09/18/2017) |
| 09/18/2017 |  | Minute Entry for proceedings held before Judge Kimba M. Wood:Pretrial Conference as to Steven Simmons, Joseph Meli held on 9/18/2017, as to Steven Simmons, Joseph Meli( Jury Trial set for 1/2/2018 at 09:00 AM before Judge Kimba M. Wood.) Time is excluded through January 2, 2018 (jw) (Entered: 09/19/2017) |
| 09/19/2017 | 67 | SEALED DOCUMENT placed in vault. (rz) (Entered: 09/19/2017) |

| 09/22/2017 | 68 | NOTICE OF ATTORNEY APPEARANCE: Daniel Lawrence Stein appearing for Joseph Meli. Appearance Type: Retained. (Stein, Daniel) (Entered: 09/22/2017) |
|---|---|---|
| 09/26/2017 | 69 | TRANSCRIPT of Proceedings as to Steven Simmons, Joseph Meli re: Conference held on 9/18/17 before Judge Kimba M. Wood. Court Reporter/Transcriber: Steven Griffing, (212) 805−0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2017. Redacted Transcript Deadline set for 10/27/2017. Release of Transcript Restriction set for 12/26/2017. (McGuirk, Kelly) (Entered: 09/26/2017) |
| 09/26/2017 | 70 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Steven Simmons, Joseph Meli. Notice is hereby given that an official transcript of a Conference proceeding held on 9/18/17 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 09/26/2017) |
| 10/02/2017 | 71 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated October 2, 2017 re: Requesting the Court to Enter the Attached Proposed Order Directing the Government to Serve a Bill of Particulars by October 6, 2017 (Attachments: # 1 Text of Proposed Order)(Fetterman, Daniel) (Entered: 10/02/2017) |
| 10/02/2017 | 72 | LETTER MOTION addressed to Judge Kimba M. Wood from Elisha Kobre dated October 2, 2017 re: Accept Late Filing of Opposition to Defendant Meli's Motion for a Bill of Particulars . Document filed by USA as to Steven Simmons, Joseph Meli. (Kobre, Elisha) (Entered: 10/02/2017) |
| 10/02/2017 | 73 | MEMORANDUM in Opposition by USA as to Steven Simmons, Joseph Meli re 59 MOTION for Bill of Particulars .. (Kobre, Elisha) (Entered: 10/02/2017) |
| 10/03/2017 | 74 | MEMO ENDORSEMENT granting 72 LETTER MOTION filed by USA as to Joseph Meli (2), addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated October 2, 2017 re: Accept Late Filing of Opposition to Defendant Meli's Motion for a Bill of Particulars. The Government does intend to file its opposition to Meli's motion and will do so shortly. The Government apologizes for this misunderstanding and respectfully asks the Court to accept its opposition to Meli's motion, to be filed shortly. ENDORSEMENT: Granted. SO ORDERED: (Signed by Judge Kimba M. Wood on 10/3/2017) (bw) (Entered: 10/03/2017) |
| 10/09/2017 | 75 | REPLY MEMORANDUM OF LAW in Support as to Joseph Meli re: 59 MOTION for Bill of Particulars . . (Attachments: # 1 Exhibit A − Discovery Folders and Sub−Folders, # 2 Exhibit B − September 18, 2017 Transcript)(Fetterman, Daniel) (Entered: 10/09/2017) |
| 10/11/2017 | 76 | REPLY MEMORANDUM OF LAW in Support as to Joseph Meli re: 59 MOTION for Bill of Particulars . . (Attachments: # 1 Exhibit A − FILED UNDER SEAL, # 2 Exhibit B − September 18, 2017 Transcript)(Fetterman, Daniel) (Entered: 10/11/2017) |
| 10/20/2017 | 77 | LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated October 20, 2017 re: Request to publicly file the motions regarding the suppression of evidence in redacted form and to file certain accompanying confidential exhibits under seal with the Court . Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 10/20/2017) |
| 10/23/2017 | 78 | MOTION to Suppress *Notice of Defendant Joseph Meli's Motion to Suppress Evidence Obtained from Improper Grand Jury Subpoenas*. Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 10/23/2017) |
| 10/23/2017 | 79 | MEMORANDUM in Support by Joseph Meli re 78 MOTION to Suppress *Notice of Defendant Joseph Meli's Motion to Suppress Evidence Obtained from Improper Grand Jury Subpoenas*.. (Fetterman, Daniel) (Entered: 10/23/2017) |
| 10/23/2017 | 80 | DECLARATION of Daniel J. Fetterman in Support as to Joseph Meli re: 78 MOTION to Suppress *Notice of Defendant Joseph Meli's Motion to Suppress Evidence Obtained from Improper Grand Jury Subpoenas*.. (Attachments: # 1 Exhibit 1 − Email from |

| | | |
|---|---|---|
| | | Elisha Kobre, # 2 Exhibit 2 − Nieman Marcus Subpoena, # 3 Exhibit 3 − Modern Green Home Subpoena, # 4 Exhibit 4 − Greektown Casino Subpoena, # 5 Exhibit 5 − Hermes Subpoena, # 6 Exhibit 6 − Century Billiards Subpoena, # 7 Exhibit 7 − ARC Subpoena, # 8 Exhibit 8 − Accasbel Wine Subpoena, # 9 Exhibit 9 − Avenues Subpoena, # 10 Exhibit 10 − Apple Subpoena, # 11 Exhibit 11 − September 18, 2017 Hearing Transcript)(Fetterman, Daniel) (Entered: 10/23/2017) |
| 10/23/2017 | 81 | MOTION to Suppress *Notice of Defendant Meli's Motion to Suppress Statements Recorded in Violation of the Rules of Professional Conduct*. Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 10/23/2017) |
| 10/23/2017 | 82 | MEMORANDUM in Support by Joseph Meli re 81 MOTION to Suppress *Notice of Defendant Meli's Motion to Suppress Statements Recorded in Violation of the Rules of Professional Conduct*.. (Fetterman, Daniel) (Entered: 10/23/2017) |
| 10/23/2017 | 83 | DECLARATION of Daniel J. Fetterman in Support as to Joseph Meli re: 81 MOTION to Suppress *Notice of Defendant Meli's Motion to Suppress Statements Recorded in Violation of the Rules of Professional Conduct*.. (Attachments: # 1 Exhibit 1 − 1/26/17 CW Recording (Filed Under Seal), # 2 Exhibit 2 − 1/26/17 WhatsApp Conversation Between Defendant and CW (Filed Under Seal), # 3 Exhibit 3 − 1/26/16 CW Recording (Filed Under Seal), # 4 Exhibit 4 − US v. Meli Arraignment Transcript)(Fetterman, Daniel) (Entered: 10/23/2017) |
| 10/24/2017 | 84 | MEMO ENDORSEMENT granting 77 LETTER MOTION To request permission to publicly file the motions in redacted form and to file certain accompanying confidential exhibits under seal with the Court as to Joseph Meli...ENDORSEMENT...Granted. So long as the Court received a completely re−lined version. SO ORDERED (Signed by Judge Kimba M. Wood on 10/24/17) (jw) (Entered: 10/24/2017) |
| 10/24/2017 | 85 | MEMO ENDORSEMENT as to (17−Cr−127−02) Joseph Meli on "MEMORANDUM" addressed to Judge Kimba M. Wood from Scott Kowal, Chief, Pretrial Services Officer re: The attached memorandum was prepared by Pretrial Services Officer, Tiffany A. Francis, will present to Your Honor significant details about the Bail Conditions which were imposed on the above−name defendant. We are requesting direction from the Court. Please initial the appropriate box(es) and return this form to us so that we may comply with your instructions. COURT DIRECTION: I have reviewed the information that you have supplied. I do not believe that this matter requires any action by the Court at this time. (Signed by Judge Kimba M. Wood on 10/24/2017)(bw) (Entered: 10/24/2017) |
| 10/25/2017 | 86 | SEALED DOCUMENT placed in vault. (mps) (Entered: 10/25/2017) |
| 10/31/2017 | 88 | CONSENT TO PROCEED BEFORE US MAGISTRATE JUDGE ON A FELONY PLEA ALLOCUTION by Joseph Meli. (jm) (Entered: 10/31/2017) |
| 10/31/2017 | 89 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSAs Elisha Kobre and Brendan Quigley dated October 31, 2017 re: Accept Defendant's Guilty Plea . Document filed by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Exhibit, # 2 Exhibit)(Kobre, Elisha) (Entered: 10/31/2017) |
| 10/31/2017 | 90 | Minute Entry for proceedings held before Magistrate Judge Barbara C. Moses: Change of Plea Hearing as to Joseph Meli held on 10/31/2017. Plea entered by Joseph Meli (2) Guilty as to Count 5s. AUSAElisha Kobre pres. Deft Joseph Meli pres w/attny Daniel Fetterman Consent to proceed before mag filed. Deft plead guilty to ct 5. Deft bail cont. Sent date 1/30/18 at 11am. (Sentencing set for 1/30/2018 at 11:00 AM before Judge Kimba M. Wood.) (jbo) Modified on 11/10/2017 (Landers, Rigoberto). (Entered: 11/01/2017) |
| 10/31/2017 | | Change of Not Guilty Plea to Guilty Plea as to Joseph Meli (2) Count 5s. (jbo) (Entered: 11/01/2017) |
| 11/01/2017 | 91 | ORDER as to Joseph Meli. IT IS HEREBY ORDERED that the defendant's guilty plea is accepted. SO ORDERED. (Signed by Judge Kimba M. Wood on 10/31/2017)(ft) (Entered: 11/01/2017) |
| 11/07/2017 | 92 | TRANSCRIPT of Proceedings as to Joseph Meli re: Plea held on 10/31/17 before Magistrate Judge Barbara C. Moses. Court Reporter/Transcriber: Kelly Surina, (212) |

| | | |
|---|---|---|
| | | 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/28/2017. Redacted Transcript Deadline set for 12/8/2017. Release of Transcript Restriction set for 2/5/2018. (McGuirk, Kelly) (Entered: 11/07/2017) |
| 11/07/2017 | 93 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Joseph Meli. Notice is hereby given that an official transcript of a Plea proceeding held on 10/31/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 11/07/2017) |
| 11/14/2017 | 99 | SENTENCING SCHEDULING ORDER as to Joseph Meli(Government Responses due by 1/29/2018, Sentencing set for 1/31/2018 at 11:00 AM before Judge Kimba M. Wood.) The Defendant is scheduled to be sentenced on January 31, 2018 at 11:00 a.m.The Presentence Investigation Report is due to the Court on January 24, 2018.Any sentencing submissions by Defendant must be made by January 26, 2018, and must statespecifically whether Defendant contests any fact in the Presentence Report, and whether Def end antcontests the appropriateness of the Probation Officer's Sentencing Recommendation.Defense counsel must arrange for the presentence interview to occur within 14 days of the defendant's guilty plea. The Government must submit a statement of facts to Probation within 14 days of the defendant's guilty plea. The Government must submit its 5K 1.1 letter, if applicable, 14 days before sentencing. Probation should contact Chambers if they experience difficulty scheduling the presentence interview or if the PSR will not be completed in a timely fashion. Any response or other submission from the Government is due January 29, 2018. (Signed by Judge Kimba M. Wood on 11/14/17)(jw) (Entered: 11/14/2017) |
| 12/19/2017 | 102 | LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated December 19, 2017 re: Bail Modification to permit Mr. Meli to travel to Florida for a family gathering *(UNOPPOSED)*. Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 12/19/2017) |
| 12/21/2017 | 103 | MEMO ENDORSEMENT as to Joseph Meli on re: 102 LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated December 19, 2017 re: Bail Modification to permit Mr. Meli to travel to Florida for a family gathering *(UNOPPOSED)* filed by Joseph Meli. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Kimba M. Wood on 12/20/2017)(ft) (Entered: 12/21/2017) |
| 01/08/2018 | 104 | MOTION to Postpone Sentencing *Currently Scheduled For January 31, 2018*. Document filed by Joseph Meli. (Stein, Daniel) (Entered: 01/08/2018) |
| 01/10/2018 | 105 | MEMO ENDORSEMENT as to (S1–17–Cr–127–02) Joseph Meli on re: 104 MOTION to Postpone Sentencing Currently Scheduled For January 31, 2018, filed by Joseph Meli. ENDORSEMENT: Sentencing is adjourned to March 14, 2018, at 11:00 a.m. Defendant's submission is due February 28. Government response is due March 7. SO ORDERED: (Signed by Judge Kimba M. Wood on 1/10/2018)(bw) (Entered: 01/10/2018) |
| 01/12/2018 | 106 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Jeffrey R. Alexander dated January 12, 2018 re: Permission To Visit The District Of Minnesota From January 13 Through January 15, 2018 With His Family (Alexander, Jeffrey) (Entered: 01/12/2018) |
| 01/12/2018 | 107 | MEMO ENDORSEMENT as to (17–Cr–127–2) Joseph Meli on re: 106 LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Attorney Jeffrey R. Alexander dated January 12, 2018 re: Permission To Visit The District Of Minnesota From January 13 Through January 15, 2018 With His Family. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Kimba M. Wood on 1/12/2018)(bw) (Entered: 01/12/2018) |
| 02/15/2018 | 112 | ORDER as to Joseph Meli: Due to a conflict with the Court's calendar, the sentencing currently scheduled for March 14, 2018, is adjourned to Tuesday, March 27, 2018, at 11:00 a.m. SO ORDERED. (Sentencing set for 3/27/2018 at 11:00 AM before Judge Kimba M. Wood) (Signed by Judge Kimba M. Wood on 2/15/2018) (lnl) (Entered: |

| | | |
|---|---|---|
| | | 02/15/2018) |
| 02/26/2018 | 113 | ORDER as to Joseph Meli: Sentencing for the above−captioned defendant is scheduled for March 2 7, 2018. Defendant's sentencing submission is due by March 13, 2018. Government response is due by March 20, 2018. SO ORDERED. (Signed by Judge Kimba M. Wood on 2/26/2018) (lnl) (Entered: 02/26/2018) |
| 02/26/2018 | 114 | MEMORANDUM as to Joseph Meli: My chambers will inform all parties concerned that I will conduct a Bail Review hearing in Courtroom # 26A on March 6, 2018 at 2:00 p.m. So Ordered. (Bail Review Hearing set for 3/6/2018 at 02:00 PM in Courtroom 26A, 500 Pearl Street, New York, NY 10007 before Judge Kimba M. Wood) (Signed by Judge Kimba M. Wood on 2/26/2018) (lnl) (Entered: 02/26/2018) |
| 03/06/2018 | | Minute Entry for proceedings held before Judge Kimba M. Wood:Bail Review Hearing as to Joseph Meli held on 3/6/2018. Defendant Joseph Meli is present with his attorneys Jeffrey Alexander and Daniel Stein. AUSA Brendan Quigley is present. Pretrial Officer Andrew Abbott is present. FBI Agent Mike Sadona is present. Court reporter is present. Bail review conference is held (see transcript.) The Court adds the condition of a curfew to the defendant's pretrial supervision, from 8 p.m. to 7 a.m. daily. (jw) (Entered: 03/06/2018) |
| 03/13/2018 | 119 | CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated March 13, 2018 re: 24−hour extension to file Joseph Meli's sentencing memorandum . Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 03/13/2018) |
| 03/13/2018 | 120 | MEMO ENDORSEMENT granting 119 LETTER MOTION We request a 24−hour extension to file Mr. Meli's sentencing memorandum on March 14, 2018, and that the Government be granted a corresponding 24−hour extension so that its responsive papers would be due on March 21, 2018...ENDORSEMENT...Granted. SO ORDERED. (Signed by Judge Kimba M. Wood on 3/13/18) (jw) (Entered: 03/13/2018) |
| 03/13/2018 | | Set/Reset Deadlines/Hearings as to Joseph Meli:Government Responses due by 3/21/2018. (jw) (Entered: 03/13/2018) |
| 03/14/2018 | | ***DELETED DOCUMENT. Deleted document number 121. SENTENCING SUBMISSION by Joseph Meli. The document was incorrectly filed in this case. [*** NOTE: Deleted as per Judge Wood's Chambers instructions on 3/22/2018. ***] (bw) (Entered: 03/22/2018) |
| 03/14/2018 | | ***DELETED DOCUMENT. Deleted document number 122. "DECLARATION of Daniel J. Fetterman in Support, as to Joseph Meli." The document was incorrectly filed in this case. [*** NOTE: Deleted as per Judge Wood's Chambers instructions on 3/22/2018. ***] (bw) (Entered: 03/22/2018) |
| 03/15/2018 | 123 | FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU − NOTICE of Letter Appendix Part 1−11 as to Joseph Meli re: 121 Sentencing Submission. (Attachments: # 1 Appendix Part 2, # 2 Appendix Part 3, # 3 Appendix Part 4, # 4 Appendix Part 5, # 5 Appendix Part 6, # 6 Appendix Part 7, # 7 Appendix Part 8, # 8 Appendix Part 9, # 9 Appendix Part 10, # 10 Appendix Part 11)(Fetterman, Daniel) Modified on 3/15/2018 (ka). (Entered: 03/15/2018) |
| 03/15/2018 | 124 | LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated March 14, 2018 re: 121 Sentencing Submission re: application to redact certain sensitive information . Document filed by Joseph Meli. (Fetterman, Daniel) (Entered: 03/15/2018) |
| 03/15/2018 | | NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − EVENT TYPE ERROR as to Joseph Meli: Notice to Attorney Daniel J. Fetterman to RE−FILE Document 123 Notice (Other). Use the event type Sentencing Submission found under the event list Other Documents. (ka) (Entered: 03/15/2018) |
| 03/15/2018 | 126 | TRANSCRIPT of Proceedings as to Joseph Meli re: Conference held on 3/6/18 before Judge Kimba M. Wood. Court Reporter/Transcriber: Alena Lynch, (212) 805−0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/5/2018. |

| | | |
|---|---|---|
| | | Redacted Transcript Deadline set for 4/16/2018. Release of Transcript Restriction set for 6/13/2018. (McGuirk, Kelly) (Entered: 03/15/2018) |
| 03/15/2018 | 127 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Joseph Meli. Notice is hereby given that an official transcript of a Conference proceeding held on 3/6/18 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 03/15/2018) |
| 03/15/2018 | | ***DELETED DOCUMENT. Deleted document number 125. SENTENCING SUBMISSION by Joseph Meli. The document was incorrectly filed in this case. [*** NOTE: Deleted as per Judge Wood's Chambers instructions on 3/22/2018. ***] (bw) (Entered: 03/22/2018) |
| 03/19/2018 | 128 | MEMO ENDORSEMENT as to (17−Cr−127−2) Joseph Meli on re: 119 CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated March 13, 2018 re: 24−hour extension to file Joseph Meli's sentencing memorandum. With the Government's consent, we respectfully request a 24−hour extension to file Mr. Meli's sentencing memorandum on March 14, 2018, and that the Government be granted a corresponding 24−hour extension so that its responsive papers would be due on March 21, 2018. ENDORSEMENT: Granted. SO ORDERED: (Signed by Judge Kimba M. Wood on 3/19/2018)(bw) (Entered: 03/19/2018) |
| 03/20/2018 | 129 | ORDER as to Joseph Meli. Due to a conflict with the Court's calendar, the sentencing currently scheduled for Tuesday, March 27, 2018, is adjourned to Thursday, March 29, 2018, at 11:00 a.m. SO ORDERED. (Sentencing set for 3/29/2018 at 11:00 AM before Judge Kimba M. Wood.) (Signed by Judge Kimba M. Wood on 3/20/2018)(ft) (Entered: 03/20/2018) |
| 03/21/2018 | | ***DELETED DOCUMENT. Deleted document number 131. SENTENCING SUBMISSION by USA as to Joseph Meli. The document was incorrectly filed in this case. [*** NOTE: Deleted as per Judge Wood's Chambers instructions on 3/22/2018. ***] (bw) (Entered: 03/22/2018) |
| 03/22/2018 | 131 | ORDER as to Joseph Meli. Because the attached March 20, 2018 letter to the Court includes material that Chief Judge McMahon may decide be filed under seal, the Court has temporarily redacted portions of the letter. The entire letter will be docketed as soon as the redacted material is no longer subject to sealing. SO ORDERED. (Signed by Judge Kimba M. Wood on 3/22/2018)(ft) (Entered: 03/22/2018) |
| 03/22/2018 | 132 | SENTENCING SUBMISSION by USA as to Joseph Meli. (Attachments: # 1 Exhibit Complaint, # 2 Exhibit Agent Affidavit, # 3 Exhibit Prelim. Order of Forfeiture, # 4 Exhibit Restitution Order)(Quigley, Brendan) (Entered: 03/22/2018) |
| 03/23/2018 | 133 | SENTENCING SUBMISSION by Joseph Meli. (Fetterman, Daniel) (Entered: 03/23/2018) |
| 03/23/2018 | 134 | DECLARATION of Daniel J. Fetterman in Support as to Joseph Meli re: 133 Sentencing Submission. (Attachments: # 1 Exhibit A− Excerpts of Investigative Due Diligence Report, # 2 Exhibit B− New York Post Article by Jennifer Gould Keil, # 3 Exhibit C− AE Reference Call Notes, # 4 Exhibit D− Excerpts from New York State Attorney General − Obstructed View: Whats Blocking New Yorkers from Getting Tickets, # 5 Exhibit E− Aug. 16, 2016 email from [REDACTED] to Joe Meli, # 6 Exhibit F− Nov. 15, 2016 email from [REDACTED] to Joe Meli, # 7 Exhibit G− Jan. 13, 2017 email from [REDACTED] to Joe Meli, # 8 Exhibit H− Funding Agreement, # 9 Exhibit I− Recording of a conference call between Joe Meli and investors, # 10 Exhibit J− Nov. 14, 2016 e−mail from Joe Meli to [REDACTED], # 11 Exhibit K− June 15, 2016 text message from Joe Meli to [REDACTED], # 12 Exhibit L− Nov. 18, 2016 text messages between [REDACTED] and Joe Meli, # 13 Exhibit M− Nov. 16, 2016 text message from [REDACTED] to Joe Meli, # 14 Exhibit N− Sept. 1, 2016 e−mail from Joe Meli to Matthew Harriton, # 15 Exhibit O− Nov. 7, 2016−Jan. 26, 2017 text messages between Joe Meli and [REDACTED], # 16 Exhibit P− American Bar Association, A Report on Behalf of The American Bar Association Criminal Justice Section on The Reform of Federal Sentencing for Economic Crimes, |

| | | |
|---|---|---|
| | | # 17 Exhibit Q− Apr. 13, 2015 e−mail from Mark Varacchi to Joe Meli, # 18 Exhibit R− Mar. 22, 2016 e−mail from Mark Varacchi to Joe Meli, # 19 Exhibit S− June 17, 2016 e−mail from Mark Varacchi to Joe Meli, # 20 Exhibit T− Sept. 22, 2016 e−mail from Mark Varacchi to Joe Meli, # 21 Exhibit U− [REDACTED], # 22 Exhibit V− [REDACTED], # 23 Exhibit W− [REDACTED], # 24 Exhibit X− Dec. 11, 2016 e−mail from Joe Meli to [REDACTED], # 25 Exhibit Y− Dec. 12, 2016 e−mail from [REDACTED] to Joe Meli, # 26 Exhibit Z− Dec. 13, 2016 e−mail from [REDACTED] to Joe Meli and [REDACTED], # 27 Exhibit AA− Oct. 31, 2017 press release, # 28 Exhibit BB− Jan. 27, 2017 press release, # 29 Exhibit CC− [REDACTED], # 30 Exhibit DD− National Center on Institutions and Alternatives, Federal Sentencing Statistical Analysis Report)(Fetterman, Daniel) (Entered: 03/23/2018) |
| 03/26/2018 | 135 | CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Daniel L. Stein dated March 26, 2018 re: 129 Order, Set Deadlines/Hearings,, re: Adjournment of Sentencing . Document filed by Joseph Meli. (Stein, Daniel) (Entered: 03/26/2018) |
| 03/27/2018 | 136 | MEMO ENDORSEMENT as to Joseph Meli (2) granting 135 CONSENT LETTER MOTION addressed to Judge Kimba M. Wood from Daniel L. Stein dated March 26, 2018 re: 129 Order, Set Deadlines/Hearings,, re: Adjournment of Sentencing. ENDORSEMENT: Sentencing is adjourned to Tuesday, April 3, 2018, at 1:30 p.m. SO ORDERED. (Signed by Judge Kimba M. Wood on 3/27/2018) (lnl) (Entered: 03/27/2018) |
| 03/27/2018 | | Set/Reset Hearings as to Joseph Meli: Sentencing set for 4/3/2018 at 01:30 PM before Judge Kimba M. Wood. (lnl) (Entered: 03/27/2018) |
| 03/27/2018 | 137 | SENTENCING SUBMISSION by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Kobre, Elisha) (Entered: 03/27/2018) |
| 03/28/2018 | 138 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated March 28, 2018 re: Unopposed Request for Bail Modification to Permit Travel to Virginia to Attend Son's Soccer Tournament (Fetterman, Daniel) (Entered: 03/28/2018) |
| 03/29/2018 | 139 | MEMO ENDORSEMENT as to Joseph Meli on 138 LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Daniel J. Fetterman dated March 28, 2018 re: Unopposed Request for Bail Modification to Permit Travel to Virginia to Attend Son's Soccer Tournament. ENDORSEMENT: SO ORDERED. (Signed by Judge Kimba M. Wood on 3/28/2018) (lnl) (Entered: 03/29/2018) |
| 04/02/2018 | 140 | LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSAs Brendan Quigley and Elisha Kobre dated 4/2/2018 re: Curfew Violation Document filed by USA. (Quigley, Brendan) (Entered: 04/02/2018) |
| 04/03/2018 | 141 | ENDORSED LETTER as to Joseph Meli addressed to Judge Kimba M. Wood from Jonathan Marc Davidoff, Esq dated 3/26/18 re: Additionally, the Non−Parties did consult with Mr. Meli's counsel, who confirmed that the Government's production will not be destroyed or returned to the Government pending the disposition of this motion....ENDORSEMENT: The Government shall respond by April 10, 2018. Any replies are due by April 13, 2018 ( Replies due by 4/13/2018., Government Responses due by 4/10/2018) (Signed by Judge Kimba M. Wood on 4/3/18)(jw) (Entered: 04/03/2018) |
| 04/03/2018 | | Minute Entry for proceedings held before Judge Kimba M. Wood: Sentencing held on 4/3/2018 for Joseph Meli (2) Count 5s. Defendant Joseph Meli is present with his attorneys Michael Bowen, Daniel Fetterman and Daniel Stein. AUSAs Brendan Quigley and Elisha Kobre are present. Court reporter Sam Mauro is present. The defendant is sentenced to 78 months in custody. The Court imposes 3 years of supervised release. No fine is imposed. The special assessment of $100 is due immediately. The Court defers the determination of restitution until June 28, 2018. Forfeiture is ordered in the amount of $104,765,565. The standard and mandatory conditions of supervised release apply, along with the following special conditions: The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs. The Court authorizes the release of |

available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third−party payment. The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search, on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. The defendant shall participate in an outpatient mental health treatment program approved by the United States Probation Office. The defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The defendant shall contribute to the costs of services rendered not covered by third−party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. The defendant shall be supervised by the district of his residence. Restitution will be paid in monthly installments of 10% of his gross monthly income, during any year in which the defendant earns $30,000 gross yearly income or less. During any year that the defendant earns a gross yearly income of $30,000 or more, the defendant shall pay restitution in monthly installments of 15% of his gross monthly income. The defendant shall surrender to the facility designated to him by the Bureau of Prisons by 10:00 a.m. on June 26, 2018. The Court recommends to the Bureau of Prisons that the defendant be incarcerated at the camp at USP Lewisburg, and that the defendant be allowed to participate in the RDAP program. All open counts and underlying indictment are dismissed on motion of the Government. The defendant's appeal rights are read. (jbo) (Entered: 04/05/2018)

| 04/04/2018 | 142 | SENTENCING SUBMISSION by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Affidavit Agent Affidavit, # 2 Text of Proposed Order Prelim Order of Forfeiture, # 3 Exhibit Complaint, # 4 Text of Proposed Order Proposed Restitution Order)(Quigley, Brendan) (Entered: 04/04/2018) |
| --- | --- | --- |
| 04/04/2018 | 143 | ORDER as to Joseph Meli. The Court hereby adopts defense counsel's request for the Court to recommend that Mr. Meli be placed in a RDAP program while incarcerated. SO ORDERED. (Signed by Judge Kimba M. Wood on 4/4/2018)(ft) (Entered: 04/04/2018) |
| 04/05/2018 | 147 | PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/MONEY JUDGMENT as to Joseph Meli. As a result of the offense charged in Count Five of the Indictment, to which the defendant pied guilty, a money judgment in the amount of $104,765,565 in United States currency (the "Money Judgment") representing the amount of proceeds traceable to the offense charged in Count Five of the Indictment that the defendant personally obtained, shall be entered against the defendant. The Clerk of the Court shall forward three certified copies of this Preliminary Order qf Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, One Saint Andrew's Plaza, New York, New York, 10007. SO ORDERED. (Signed by Judge Kimba M. Wood on 4/5/2018)(ft) (Entered: 04/05/2018) |
| 04/05/2018 | | DISMISSAL OF COUNTS on Government Motion as to Joseph Meli (2) Count 1,1s,2,2s,3−4,3s−4s,5,6s. (ft) (Entered: 04/05/2018) |
| 04/05/2018 | 148 | JUDGMENT as to Joseph Meli (2), Count(s) 1, 1s, 2, 2s, 3−4, 3s−4s, 5, 6s, Dismissed; Count(s) 5s, Imprisonment: 78 months. Supervised Release: 3 years. The court makes the following recommendations to the Bureau of Prisons: The Court recommends to the Bureau of Prisons that the defendant be incarcerated at the camp at USP Lewisburg, and that the defendant be allowed to participate in the RDAP program. The defendant shall surrender to the United States Marshal for this district: at 10:00 a.m. on 6/26/2018. The standard and mandatory conditions of supervised release apply, along with the following special conditions: The defendant shall participate in a program |

|  |  | approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs. The Court authorizesthe release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third−party payment. The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search, on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. The defendant shall participate in an outpatient mental health treatment program approved by the United States Probation Office. The defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The defendant shall contribute to the costs of services rendered not covered by third−party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider. The defendant shall provide the probation officer with access to any requested financial information.The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. The defendant shall be supervised by the district of his residence. Restitution will be paid in monthly installments of 10% of his gross monthly income, during any year in which the defendant earns $30,000 gross yearly income or less. During any year that the defendant earns a gross yearly income of more than $30,000, the defendant shall pay restitution in monthly installments of 15% of his gross monthly income. (Signed by Judge Kimba M. Wood on 4/5/2018)(ft) (Entered: 04/05/2018) |
| 04/10/2018 | 150 | LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSA Brendan Quigley dated 4/10/18 re: Response to Docket Entry 141 Document filed by USA. (Quigley, Brendan) (Entered: 04/10/2018) |
| 04/10/2018 | 151 | NOTICE of Appearance for Non−Parties as to Joseph Meli re: 141 Endorsed Letter, Set Deadlines/Hearings,,,,. (Davidoff, Jonathan) (Entered: 04/10/2018) |
| 04/10/2018 | 152 | SEALED DOCUMENT placed in vault. (rz) (Entered: 04/10/2018) |
| 04/12/2018 | 153 | MEMO ENDORSEMENT as to Joseph Meli on 150 LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSA Brendan Quigley dated 4/10/18 re: Response to Docket Entry 141. ENDORSEMENT: The Court denies the motion for a modification of the Protective Order. There is no presumption of public access to discovery materials, and movant has not shown that extraordinary and compelling needs warrant modification of the Protective order. SO ORDERED. (Signed by Judge Kimba M. Wood on 4/12/2018) (lnl) (Entered: 04/12/2018) |
| 04/13/2018 | 154 | FIRST LETTER by Jonathan M. Davidoff, Michael McQuary, Peter Forsstrom, Robert Cohen, Marc Adler as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from Jonathan Marc Davidoff, Esq dated April 13, 2018 re: Reply Letter to Motion to Modify Protective Order Document filed by Jonathan M. Davidoff, Michael McQuary, Peter Forsstrom, Robert Cohen, Marc Adler. (Attachments: # 1 Exhibit 1− Email Re: Meli's Communications, # 2 Exhibit 2− State Action Orders, # 3 Exhibit 3− Carton Email, # 4 Exhibit 4− Molner's Legal Counsel Email)(Davidoff, Jonathan) (Entered: 04/13/2018) |
| 04/23/2018 | 155 | TRANSCRIPT of Proceedings as to Joseph Meli re: Sentence held on 4/3/18 before Judge Kimba M. Wood. Court Reporter/Transcriber: Samuel Mauro, (212) 805−0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/14/2018. Redacted Transcript Deadline set for 5/24/2018. Release of Transcript Restriction set for 7/23/2018. (McGuirk, Kelly) (Entered: 04/23/2018) |

| | | |
|---|---|---|
| 04/23/2018 | 156 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Joseph Meli. Notice is hereby given that an official transcript of a Sentence proceeding held on 4/3/18 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 04/23/2018) |
| 05/24/2018 | 165 | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Jeffrey R. Alexander dated May 24, 2018 re: Unopposed Request for Bail Modification to Permit Mr. Meli to Travel to Maryland to Attend His Son's Soccer Tournament (Alexander, Jeffrey) (Entered: 05/24/2018) |
| 05/24/2018 | 166 | MEMO ENDORSEMENT as to Joseph Meli on re: 165 Letter, filed by Joseph Meli. ENDORSEMENT: Granted. Takes no position. (Signed by Judge Kimba M. Wood on 5/24/2018)(ft) (Entered: 05/24/2018) |
| 06/14/2018 | 168 | LETTER MOTION addressed to Judge Kimba M. Wood from Jeffrey R. Alexander dated June 14, 2018 re: prision designation and adjourning Mr. Meli's surrender date to Bureau Of Prisons . Document filed by Joseph Meli. (Alexander, Jeffrey) (Entered: 06/14/2018) |
| 06/18/2018 | 169 | ORDER as to Joseph Meli (2) granting in part and denying in part 168 LETTER MOTION addressed to Judge Kimba M. Wood from Jeffrey R. Alexander dated June 14, 2018 re: prison designation and adjourning Mr. Meli's surrender date to Bureau Of Prisons. The Court recommends that defendant be designated to FCI Otisville. His surrender date remains unchanged. (Signed by Judge Kimba M. Wood on 6/18/2018) (ap) Modified on 6/19/2018 (ap). (Entered: 06/18/2018) |
| 06/19/2018 | 170 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated June 19, 2018 re: Restitution Order . Document filed by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Text of Proposed Order)(Kobre, Elisha) (Entered: 06/19/2018) |
| 06/21/2018 | 171 | ORDER as to Joseph Meli (2) granting 170 LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated June 19, 2018 re: Restitution Order. (Signed by Judge Kimba M. Wood on 6/21/2018) (See ORDER as set forth) (ap) (Entered: 06/21/2018) |
| 06/25/2018 | 172 | SEALED DOCUMENT placed in vault. (rz) (Entered: 06/25/2018) |
| 06/25/2018 | 173 | ORDER RECOMMENDING DEFENDANT JOSEPH MELI'S DESIGNATION TO BEGIN HIS SENTENCE AT THE CAMP AT FCI OTISVILLE as to Joseph Meli. Defendant's request for the Court's recommendation that Defendant Joseph Meli be designated to begin his sentence at the camp at FCI Otisville is hereby GRANTED. (Signed by Judge Kimba M. Wood on 6/22/2018)(ap) (Entered: 06/25/2018) |
| 07/23/2018 | 175 | LETTER MOTION addressed to Judge Kimba M. Wood from Jeffrey R. Alexander dated July 23, 2018 re: request for an order from the Court lifting Mr. Meli's appearance bond and relieving all suretors of any obligations due under the terms of the bond . Document filed by Joseph Meli. (Alexander, Jeffrey) (Entered: 07/23/2018) |
| 08/13/2018 | 177 | MEMO ENDORSEMENT granting 175 LETTER MOTION To request an order from the Court lifting Mr. Meli's appearance bond and relieving all suretors of any obligations due under the terms of the bond...ENDORSEMENT...Granted. SO ORDERED. (Signed by Judge Kimba M. Wood on 8/13/18) (jw) (Entered: 08/13/2018) |
| 09/10/2018 | 178 | AMENDED JUDGMENT as to Joseph Meli (2), Count(s) 1, 1s, 2, 2s, 3−4, 3s−4s, 5, 6s, Dismissed; Count(s) 5s, Imprisonment: 78 months. Supervised Release: 3 years. The court makes the following recommendations to the Bureau of Prisons:The Court recommends to the Bureau of Prisons that the defendant be incarcerated at the camp at USP Lewisburg, and that the defendant be allowed to participate in the RADP program. The defendant shall surrender to the United States Marshal for this district: at 10:00 a.m. on 6/26/2018. The standard and mandatory conditions of supervised release apply, along with the following special conditions: The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the |

| | | |
|---|---|---|
| | | use of drugs. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third−party payment. The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search, on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. The defendant shall participate in an outpatient mental health treatment program approved by the United States Probation Office. The defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The defendant shall contribute to the costs of services rendered not covered by third−party payment. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. The defendant shall be supervised by the district of his residence. Restitution will be paid in monthly installments of 10% of his gross monthly income, during any year in which the defendant earns $30,000 gross yearly income or less. During any year that the defendant earns a gross yearly income of more than$30,000, the defendant shall pay restitution in monthly installments of 15% of his gross monthly income. The defendant shall forfeit the defendant's interest in the following property to the United States: $104,765,565.00. (Signed by Judge Kimba M. Wood on 9/10/2018)(ft) (Entered: 09/10/2018) |
| 10/12/2018 | 181 | PETITION IN RESPONSE TO FORFEITURE ORDER by Town of Wilton, CT as to Steven Simmons, Joseph Meli . (Attachments: # 1 Exhibit A)(LeClerc, Bryan) (Entered: 10/12/2018) |
| 10/23/2018 | 185 | NOTICE OF ATTORNEY APPEARANCE Jared P Lenow appearing for USA. (Lenow, Jared) (Entered: 10/23/2018) |
| 11/13/2018 | 188 | THIRD PARTY PETITION IN RESPONSE TO FORFEITURE ORDER by Kleet Lumber CO. Inc. as to Joseph Meli . (Attachments: # 1 Exhibit A − Judgment, # 2 Exhibit B − Income Execution)(Rosenthal, Steven) (Entered: 11/13/2018) |
| 11/16/2018 | 189 | ORDER as to (17−Cr−127−02) Joseph Meli. On November 13, 2018, the Court received a Verified Petition for a Hearing from Petitioner Kleet Lumber Co, Inc., requesting a hearing to adjudicate the validity of its interest in the property described in the Preliminary Forfeiture Order of April 5, 2018. The Government and counsel for the Petitioner shall submit a proposed briefing schedule to the Court by November 21, 2018. SO ORDERED. (Signed by Judge Kimba M. Wood on 11/16/2018)(bw) (Entered: 11/16/2018) |
| 11/21/2018 | 190 | LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSA Brendan Quigley dated 11/21/18 re: Briefing Schedule Document filed by USA. (Quigley, Brendan) (Entered: 11/21/2018) |
| 11/27/2018 | 191 | MEMO ENDORSEMENT as to Steven Simmons, Joseph Meli on 190 LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSA Brendan Quigley dated 11/21/18 re: Briefing Schedule. ENDORSEMENT: Granted. (Responses due by 12/21/2018. Replies due by 1/11/2019.) (Signed by Judge Kimba M. Wood on 11/26/2018) (lnl) (Entered: 11/27/2018) |
| 12/06/2018 | 192 | MOTION to Dismiss Third−Party Petition of Heather Simmons. Document filed by USA. (Quigley, Brendan) Modified on 12/7/2018 (ka). (Entered: 12/06/2018) |
| 12/06/2018 | 193 | MEMORANDUM in Support by USAre 192 MOTION to Dismiss the Third Party Petition of Heather Simmons. (Quigley, Brendan) Modified on 12/7/2018 (ka). (Entered: 12/06/2018) |

| 12/21/2018 | 194 | LETTER by USA as to Joseph Meli addressed to Judge Kimba M. Wood from AUSA Brendan F. Quigley dated 12/21/2018 re: Extension re Govt Response to Kleet Lumber Petition Document filed by USA. (Quigley, Brendan) (Entered: 12/21/2018) |
|---|---|---|
| 12/27/2018 | 195 | MEMO ENDORSEMENT as to Joseph Meli on 194 LETTER by USA as to Joseph Meli addressed to Judge Kimba M. Wood from AUSA Brendan F. Quigley dated 12/21/2018 re: Extension re Govt Response to Kleet Lumber Petition. ENDORSEMENT: Granted. SO ORDERED. (Signed by Judge Kimba M. Wood on 12/27/2018) (lnl) (Entered: 12/27/2018) |
| 01/10/2019 | 196 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated January 10, 2019 re: Extension of Time to Respond to the Petition of Kleet Lumber . Document filed by USA as to Steven Simmons, Joseph Meli. (Kobre, Elisha) (Entered: 01/10/2019) |
| 01/10/2019 | 197 | MEMO ENDORSEMENT as to Joseph Meli (2) granting 196 LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated January 10, 2019 re: Extension of Time to Respond to the Petition of Kleet Lumber. ENDORSEMENT: Granted. (Signed by Judge Kimba M. Wood on 1/10/2019) (ap) (Entered: 01/10/2019) |
| 01/10/2019 | | Set/Reset Deadlines as to Joseph Meli: Responses due by 2/1/2019. Replies due by 2/22/2019. (ap) (Entered: 01/10/2019) |
| 01/29/2019 | 198 | SERVICE BY PUBLICATION as to Joseph Meli. A Notice of Forfeiture was published in the www.forfeiture.gov on April 18, 2018 through May 17, 2018. Document filed by USA as to Joseph Meli. (Quigley, Brendan) (Entered: 01/29/2019) |
| 02/01/2019 | 199 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Brendan Quigley dated 02−01−2019 re: Entry of Stipulation and Final Order of Forfeiture . Document filed by USA as to Joseph Meli. (Attachments: # 1 Sipulation and Order−Kleet Lumber, # 2 Text of Proposed Order Final Order of Forfeiture re Joseph Meli)(Quigley, Brendan) (Entered: 02/01/2019) |
| 02/05/2019 | 200 | STIPULATION AND ORDER as to Joseph Meli: IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Elisha J. Kobre and Brendan F. Quigley, of counsel, and Kleet, by its counsel, steven Rosenthal, Esq., and by Kleet's Vice President, Linda Nussbaum, that: 1. At such time as the Subject Property is sold pursuant either to a final order of forfeiture in this criminal matter forfeiting the subject Property to the United States, or to an interlocutory sale order in this criminal matter, the United States shall forward payment to Kleet from the net proceeds from the sale of the Subject Property, in the amount of the Kleet's outstanding Judgment Lien (the "Amount Due on Judgment Lien") as of the date of the sale. The Amount Due on Judgement Lien shall consist of the Judgement Amount plus interest accrued at the statutory rate (N.Y.C.P.L.R. § 5004) less application of any and all credits collected by Kleet against the Judgment Lien, up until and including the date of sale. After the Amount Due on Judgment Lien is paid to Kleet from the net proceeds any surplus remaining shall be forfeited to the United States as a substitute res for the Subject Property. Upon entry of a Final Order of Forfeiture, forfeiting the Subject Property to the United States, the United States Marshals Service shall be authorized to deposit any such surplus in the Asset Forfeiture Fund. (Signed by Judge Kimba M. Wood on 2/5/2019) (See STIPULATION AND ORDER as furhter set forth) (lnl) (Entered: 02/05/2019) |
| 02/05/2019 | 201 | FINAL ORDER OF FORFEITURE as to Joseph Meli (2). (Signed by Judge Kimba M. Wood on 2/5/2019) (See ORDER as set forth) (Four (4) certified copies of this ORDER have been forwarded to AUSA Alexander J. Wilson via interoffice mail) (lnl) (Entered: 02/05/2019) |
| 02/27/2019 | 204 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated February 27, 2019 re: Enter Order Pursuant to FRCP 36 Correcting Clerical Error in Forfeiture Order . Document filed by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Text of Proposed Order)(Kobre, Elisha) (Entered: 02/27/2019) |
| 03/06/2019 | 205 | AMENDED FINAL ORDEROF FORFEITURE as to Joseph Meli (2). (Signed by Judge Kimba M. Wood on 3/6/2019) (See ORDER as set forth) (Four (4) certified copies of this ORDER have been forwarded to AUSA Alexander J. Wilson via interoffice mail) (lnl) (Entered: 03/06/2019) |

| 03/18/2019 | 206 | REPLY MEMORANDUM OF LAW in Support by USA as to Steven Simmons, Joseph Meli re: 192 MOTION to Dismiss *Forfeiture Petition*. . (Quigley, Brendan) (Entered: 03/18/2019) |
|---|---|---|
| 05/30/2019 | 207 | MOTION for Forfeiture of Property . Document filed by USA as to Steven Simmons, Joseph Meli. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Kobre, Elisha) (Entered: 05/30/2019) |
| 06/11/2019 | 208 | PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS as to Joseph Meli. (Signed by Judge Kimba M. Wood on 6/11/2019) (See ORDER as set forth) (Four (4) certified copies of this ORDER have been forwarded to AUSA Alexander J. Wilson via interoffice mail) (ap) (Entered: 06/11/2019) |
| 08/15/2019 | 211 | LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated August 15, 2019 re: Filing of Exhibit A to the Government's Motion to Dismiss Heather Simmons's Petition Document filed by USA. (Attachments: # 1 Exhibit)(Kobre, Elisha) (Entered: 08/15/2019) |
| 08/18/2019 | 212 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated August 18, 2019 re: Set Date for Government to Respond to Ms. Simmons's August 14 Letter . Document filed by USA as to Steven Simmons, Joseph Meli. (Kobre, Elisha) (Entered: 08/18/2019) |
| 09/03/2019 | 214 | LETTER by USA as to Steven Simmons, Joseph Meli addressed to Judge Kimba M. Wood from AUSA Elisha Kobre dated September 3, 2019 re: Response to Heather Simmons's Letter Dated August 16, 2019 Document filed by USA. (Kobre, Elisha) (Entered: 09/03/2019) |
| 09/16/2019 | 215 | OPINION & ORDER as to Steven Simmons: The Government's motion to dismiss Heather's Petition is GRANTED with respect to Heather's claim that she is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B) based on her agreement to forgo child support in exchange for Steven's interest in the Property. The Clerk of Court is directed to mail a copy of this Opinion and Order to Heather. SO ORDERED. (Signed by Judge Kimba M. Wood on 9/16/2019) (A copy of this Opinion & Order was mailed on 9/16/2019 to Heather Simmons at 77 Chicken Street, Wilton, CT 06897) (lnl) (Entered: 09/16/2019) |
| 11/13/2019 | 216 | SEALED DOCUMENT placed in vault. (mhe) (Entered: 11/13/2019) |
| 01/15/2020 | 217 | SERVICE BY PUBLICATION as to Joseph Meli. A Notice of Forfeiture was published in the www.forfeiture.gov on July 10, 2019 through August 8, 2019. Document filed by USA as to Joseph Meli. (Kobre, Elisha) (Entered: 01/15/2020) |
| 01/15/2020 | 218 | LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha J. Kobre dated January 15, 2020 . Document filed by USA as to Joseph Meli. (Attachments: # 1 Text of Proposed Order)(Kobre, Elisha) (Entered: 01/15/2020) |
| 01/15/2020 | 219 | DECLARATION of AUSA Elisha J. Kobre in Support by USA as to Joseph Meli re: 218 LETTER MOTION addressed to Judge Kimba M. Wood from AUSA Elisha J. Kobre dated January 15, 2020 .. (Kobre, Elisha) (Entered: 01/15/2020) |
| 01/24/2020 | 220 | FINAL ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS as to Joseph Meli. (Signed by Judge Kimba M. Wood on 1/22/2020) (See ORDER as set forth) (Four (4) certified copies of this ORDER have been forwarded to AUSA Alexander J. Wilson via interoffice mail) (ap) (Entered: 01/24/2020) |
| 01/28/2020 | 221 | MOTION for Forfeiture of Property . Document filed by USA as to Joseph Meli. (Attachments: # 1 Text of Proposed Order)(Kobre, Elisha) (Entered: 01/28/2020) |
| 01/28/2020 | 222 | DECLARATION of Joseph Strawman in Support by USA as to Joseph Meli re: 221 MOTION for Forfeiture of Property .. (Kobre, Elisha) (Entered: 01/28/2020) |
| 01/30/2020 | 223 | ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS as to Joseph Meli. (Signed by Judge Kimba M. Wood on 1/29/2020) (See ORDER as set forth) (Four (4) certified copies of this ORDER have been forwarded to AUSA Alexander J. Wilson via interoffice mail) (ap) (Entered: 01/30/2020) |
| 03/27/2020 | 224 | LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March 27, 2020 re: Compassionate Release / Sentence Reduction |

| | | |
|---|---|---|
| | | . Document filed by Joseph Meli. (Attachments: # 1 Exhibit A: Order from Judge Ronnie Abrams, # 2 Exhibit B: Letter from Doctor, # 3 Exhibit C: Medical Records)(Gotlib, Valerie) (Entered: 03/27/2020) |
| 03/27/2020 | 225 | ORDER as to Joseph Meli: The Court construes this letter as a request for modification of Mr. Meli's prison sentence, pursuant to 18 U.S.C. § 3582(c) (1)(A). That statute authorizes the court to modify a defendants term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant," once the defendant has exhausted certain administrative remedies. Id. Thus, any request for modification of Mr. Meli's prison sentence must be made by Mr. Meli himself, or by the Director of the Bureau of Prisons. Mr. Meli's parents' request is therefore DENIED. (Signed by Judge Kimba M. Wood on 3/27/2020)(ap) (Entered: 03/27/2020) |
| 03/28/2020 | 226 | Sentencing Letter by Joseph Meli addressed to Judge Kimba M. Wood from Cesar de Castro dated 3−28−2020 re: request to warden of MDC for compassionate releases. (Attachments: # 1 Supplement Letter to Warden of MDC)(De Castro, Cesar) (Entered: 03/28/2020) |
| 03/30/2020 | 227 | ORDER as to (17−Cr−127−2) Joseph Meli. Defendant Joseph Meli ("Defendant") is serving a 78−month prison sentence following his guilty plea in this matter. Defendant is currently confined at the Metropolitan Detention Center in Brooklyn, New York ("MDC"). Defendant has moved for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his pre−existing health conditions and the spread of COVID−19 in the MDC and other federal prisons (the "Motion"). (ECF No. 224.) Defendant has also submitted, as a supplement to the Motion, a copy of his letter to the Warden of the MDC, dated March 27, 2020, requesting that the Bureau of Prisons move for modification of Defendant's sentence on Defendant's behalf. (ECF No. 226.) On or before May 4, 2020, the United States shall respond to the Motion. SO ORDERED. (Signed by Judge Kimba M. Wood on 3/30/2020)(bw) (Entered: 03/30/2020) |
| 04/23/2020 | 228 | LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated April 23, 2020 re: 226 Letter − Sentencing, 224 LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March 27, 2020 re: Compassionate Release / Sentence Reduction ., 227 Order, Set Deadlines/Hearings,,,,,, 225 Order, Terminate Motions,,,, re: Compassionate Release / Sentence Reduction . Document filed by Joseph Meli. (Gotlib, Valerie) (Entered: 04/23/2020) |
| 04/24/2020 | 229 | ORDER as to Joseph Meli: No later than April 29, 2020, the Government shall respond to Defendant's motion for compassionate release. In its response, the Government shall provide the following information, after conferring with the Bureau of Prisons ("BOP") and the United States Probation Office as appropriate: 1. Whether the Government opposes Defendant's motion; 2. The BOP's assessment of the factors listed in the Attorney General's Memorandum for Director of Bureau Prisons dated March 26, 2020 as they pertain to Defendant, and, in particular, who at BOP assessed Defendant's risk factors for severe COVID−19 illness, and upon what information that person's assessment was made; as well as a comparison of the risks of contracting COVID−19 at the Metropolitan Detention Center ("MDC"), to those risks at the location in which Defendant seeks home confinement; 3. The criteria used by the BOP to decide whom to test for COVID−19 at the MDC; 4. Approximately how many tests for COVID−19 have been conducted at MDC; 5. The number of inmates and staff who have tested positive and the number of inmates and staff who have tested negative for COVID−19 at MDC, both as absolute numbers and as a percentage of the total population of inmates and staff at MDC; 6. Whether Defendant has been in close proximity to any inmate or staff member who has tested positive for COVID−19; 7. The infection rate for COVID−19 in Manhattan, New York; 8. The Government's assessment of the factors set forth in 18 U.S.C. § 3553(a) as they pertain to Defendant; 9. Defendant's disciplinary record in prison, risk of recidivism, risk of violence, and any changes or additions that should be made to the originally−imposed conditions of supervised release. SO ORDERED. (Signed by Judge Kimba M. Wood on 4/24/2020) (lnl) (Entered: 04/24/2020) |
| 04/29/2020 | 230 | MEMORANDUM in Opposition by USA as to Joseph Meli re 228 LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib |

| | | |
|---|---|---|
| | | dated April 23, 2020 re: <u>226</u> Letter − Sentencing, <u>224</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March, <u>224</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March 27, 2020 re: Compassionate Release / Sentence Reduction .. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit)(Kobre, Elisha) (Entered: 04/29/2020) |
| 04/30/2020 | <u>231</u> | LETTER REPLY TO RESPONSE to Motion by Joseph Meli addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated April 30, 2020 re <u>224</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March 27, 2020 re: Compassionate Release / Sentence Reduction ., <u>228</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated April 23, 2020 re: <u>226</u> Letter − Sentencing, <u>224</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March. (Attachments: # <u>1</u> Exhibit A: Request to Warden of MDC, # <u>2</u> Exhibit B: Affidavit of MDC Associate Warden, # <u>3</u> Exhibit C: Affidavit of Brie Williams, MD)(Gotlib, Valerie) (Entered: 04/30/2020) |
| 05/01/2020 | <u>232</u> | LETTER by USA as to Joseph Meli addressed to Judge Kimba M. Wood from Elisha Kobre dated May 1, 2020 re: Government's Opposition to Defendant Joseph Meli's Motion for Compassionate Release Document filed by USA. (Kobre, Elisha) (Entered: 05/01/2020) |
| 05/01/2020 | <u>233</u> | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** AFFIDAVIT of Homer Venters, MD in Support as to Joseph Meli re <u>228</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated April 23, 2020 re: <u>226</u> Letter − Sentencing, <u>224</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March, <u>224</u> LETTER MOTION addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated March 27, 2020 re: Compassionate Release / Sentence Reduction .. (Attachments: # <u>1</u> Affidavit)(Gotlib, Valerie) Modified on 5/1/2020 (ka). (Entered: 05/01/2020) |
| 05/01/2020 | | **NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − EVENT TYPE ERROR as to Joseph Meli: Notice to Attorney Gotlib, Valerie to RE−FILE Document <u>233</u> Affidavit in Support of Motion. Use the event type Letter found under the event list Other documents. (ka)** (Entered: 05/01/2020) |
| 05/01/2020 | <u>234</u> | LETTER by Joseph Meli addressed to Judge Kimba M. Wood from Cesar de Castro & Valerie Gotlib dated May 1, 2020 re: Providing Court with MDC Facility Evaluation (Attachments: # <u>1</u> Exhibit A: MDC Facility Evaluation by Homer Venters, MD)(Gotlib, Valerie) (Entered: 05/01/2020) |
| 05/04/2020 | <u>235</u> | OPINION & ORDER as to Joseph Meli. Defendant's motion for a reduction of his sentence under § 3582(c)(1)(A) is DENIED. (Signed by Judge Kimba M. Wood on 5/4/2020) (See ORDER set forth) (ap) (Entered: 05/04/2020) |
| 03/14/2023 | <u>241</u> | NOTICE OF ATTORNEY APPEARANCE: Adam Swope Kaufmann appearing for Joseph Meli. Appearance Type: Retained. (Kaufmann, Adam) (Entered: 03/14/2023) |
| 03/14/2023 | <u>242</u> | ORDER as to Joseph Meli: It is hereby ORDERED that: 1. The Southern District of New York's Finance Department shall provide Mr. Kaufmann with the names of each victim and the amount in restitution they have received to date. 2. The Finance Department shall redact the addresses of each victim and any other personal information. 3. The Finance Department shall transmit this information by email to Mr. Kaufmann at the following address: adam.kaufmann@lbkmlaw.com. (Signed by Judge Kimba M. Wood on 3/14/2023) (ap) (Entered: 03/14/2023) |
| 04/05/2023 | <u>243</u> | MOTION Request for Notification of Restitution Amounts Paid . Document filed by Neila Fortino as to Steven Simmons, Joseph Meli. (Martin, David) (Entered: 04/05/2023) |
| 04/05/2023 | <u>244</u> | NOTICE OF ATTORNEY APPEARANCE Melissa A. Childs appearing for USA. *as Restitution Counsel* (Childs, Melissa) (Entered: 04/05/2023) |
| 04/05/2023 | <u>245</u> | BZ Clarity Holdings LLC's Verified Answer to Writ of Garnishment as to Joseph Meli(jw) (Entered: 04/06/2023) |

| 04/07/2023 | 246 | Certificate of Service of Ex Parte Application for Writ of Garnishment, Writ of Garnishment, and Clerk's Notice by USA as to Joseph Meli. Document was served on Garnishee Base Entertainment and the Judgment Debtor on March 23, 2023 (Garnishee) and April 7, 2023 (Judgment Debtor). Service was made by MAIL. (Childs, Melissa) (Entered: 04/07/2023) |
| 04/21/2023 | | RESTORATION OF FORFEITED FUNDS RECEIVED. Restoration payment remitted by Joseph Meli from U.S. Marshals Service, in the amount of $3,427,901.71, received by the Clerk's Office on 4/21/2023 to be applied to Restitution. (cde) (Entered: 04/21/2023) |
| 06/02/2023 | 247 | NOTICE of Settlement of Order as to Joseph Meli re: 246 Certificate of Service, 245 Answer. (Attachments: # 1 Text of Proposed Order Final Order of Garnishment)(Childs, Melissa) (Entered: 06/02/2023) |
| 06/05/2023 | 248 | FINAL ORDER OF GARNISHMENT as to (17−Cr−127−2) Joseph Meli, Judgment Debtor; and, BASE ENTERTAINMENT, Garnishee. (Signed by Judge Kimba M. Wood on 6/5/2023)(bw) (Entered: 06/05/2023) |
| 02/12/2024 | 249 | LETTER by David S. Nagelberg as to Joseph Meli addressed to Judge Kimba M. Wood from Judd B. Grossman, Esq. dated February 12, 2024 re: Order of Restitution Document filed by David S. Nagelberg. (McBride, Webster) (Entered: 02/12/2024) |
| 03/12/2024 | 250 | PROBATION FORM 22 (TRANSFER OF JURISDICTION) as to (17−Cr−127−2) Joseph Meli. IT IS HEREBY ORDERED that pursuant to I8 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Minnesota upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court. (Signed by Judge Kimba M. Wood on 3/12/2024) [*** NOTE: Awaiting acceptance by Receiving Court, no documents sent. ***] (bw) (Entered: 03/12/2024) |
| 04/30/2024 | 251 | Supervised Release Jurisdiction Transferred Out to the U.S.D.C. − District of Minnesota as to (17−Cr−127−2) Joseph Meli. [*** NOTE: This Prob 22 Form signed by Judge Kimba M. Wood on 3/12/2024; Signed by Receiving Court Judge on April 26, 2024. ***] (bw) (Entered: 04/30/2024) |
| 04/30/2024 | | TRANSFER OUT SUPERVISED RELEASE DOCUMENTS SENT (via E−Mail) as to (17−Cr−127−2) Joseph Meli to the U.S.D.C. − District of Minnesota. The PDFs of the following documents were e−mailed on 4/30/2024: 1) Transfer of Jurisdiction Form [doc.# 251], 2) Amendment Judgment [doc.# 178], 3) Judgment [doc.# 148], 4) S1 Superseding Indictment [docs.# 58], 5) Docket Sheet. (bw) (Entered: 04/30/2024) |